McEWEN *et al. v.* JOHNSON *et al.*

An order drawn by a creditor on his debtor is *prima facie* evidence of an assignment of the debt *pro tanto,* and if accepted will bind all parties.

The good faith of the assignment being questioned, evidence going to show a previous pledge of the fund is admissible.

The findings of a Court sitting as a jury, may refer to the pleadings for the facts found, provided the reference is sufficiently distinct, and the facts are sufficiently stated in the pleadings.

Where the defeat of plaintiff would inevitably result in S. obtaining the fund in controversy: *Held,* that S., although not a party to the suit, was incompetent as a witness.

Appeal from the Superior Court of San Francisco.

The plaintiffs in this case, creditors of one North, garnisheed the defendants, and under an order of Court, obtained for that purpose, brought this action, alleging that the defendants were indebted to North in the sum of about eleven hundred dollars at the time of the service of their garnishment, and praying judgment against them for the sum of four hundred and twenty-one dollars and seventy-five cents. The answer of the defendants denied indebtednes to North at the time of the service of the garnishment, but averred that prior thereto, they had been garnisheed in the suit of Samuel Soule *v.* North, which suit was brought to recover the sum of eight hundred and eighty-one dollars and eighty cents, interest and costs; and that afterwards, but before the service of plantiffs' writ upon them, the said North, by order in writing, had assigned and transferred to Samuel Soule all the indebtedness due from them to North, amounting to the sum of eleven hundred dollars, of which the plaintiffs had due notice.

The evidence showed that defendants had accepted North's order before the service of the attachment in plaintiffs' case. The order was as follows:

"B. F. Hartshorne will please pay Samuel Soule eleven hundred dollars out of my wages, earnt building a steamboat for you on the Colorado river the past five months.

"January 10, 1856.                    John G. North."

"I accept this order when in funds.

"B. M. Hartshorne."

On the trial the validity of the Soule debt being denied by

plaintiffs, defendants' counsel offered to prove that the fund in question was pledged to Soule by North before his departure for the Colorado river.

The Court held the evidence to be inadmissible, to which ruling defendant excepted. Counsel for defendant also proposed to introduce Samuel Soule, as a witness, which was also overruled by the Court. The following constitute the whole of the findings of the Court:

1. That the allegations of the complaint are true.

2. That the allegations of the answer constituting the defence therein set up, are not true. Judgment was entered for the plaintiffs. Defendants moved for a new trial, which being denied they appealed.

*Love & Provines* for Appellants.

The agreement between Soule and North before North's departure for the Colorado, that Soule should be paid out of that fund, operated as an equitable charge upon the fund; therefore, the Court erred in excluding evidence of this agreement. Rodick *v.* Gandell, 15 Eng., L. & Eq., 22, 29, 30.

The order drawn by North upon the Appellants, in favor of Soule, operated as an actual assignment of the fund, in the hands of Appellants to Soule, and bound it after notice to Appellants; for which reason, the judgment is erroneous. Mandeville *v.* Welch, 5 Wheat., 285; Blin *v.* Pierce, 2 Vt., (5 Washb.,) 25; Hoyt *v.* Story, 3 Barb., S. C. R., 262; Anderson *v.* De Soer, 6 Gratt., 363; Adams *v.* Robinson, 1 Pick., 462; Harrington *v.* Rich, 6 Vt., 666; Cutts *v.* Perkins, 12 Mass., 206; Robins *v.* Bacon, 3 Grunt., 346; Corser *v.* Craig, 1 Wash., C. C. R., 424.

The finding of the Court is insufficient, and is not such as is required by law, *since it does not state the facts found, etc.* § 180, Prac. Act.

*Jeremiah Clarke* for Respondents.

Defendants' second point, and the one on which he evidently rests his case, seems from the number of cases cited, to be supported by authority. This, however, is utterly a mistake. There is not one of the cases which supports the position.

The principle which they all recognize, is that laid down by Judge Story in the above cited case, 5th Wheat., 285; that a debt shall not be "split up" by assigning a part to one and a part to another. Rodick *v.* Grandell, the only English case cited by defendants, is not an authority, for the reason that, there the judgment was against the validity of the assignment set up. Besides, this was in a Court of Equity, exactly the same thing is true of Hoyt *v.* Story, 3d Barb. In the other cases cited, the order in each instance was in terms for the *whole amount of the indebtedness.* Most of them are from the New England States,

and this not as *an accidental circumstance.* It is the common practice in that country, to appropriate a debt due towards the payment of *one owing,* just as it is to answer one question by asking another.

In a word, this Court is now called upon to decide, for the first time in this country, or England, that an order on a debtor for a sum of money not purporting to be for the whole debt, will constitute a legal assignment of so much of the debt as is covered by the sum named.

BURNETT, J., delivered the opinion of the Court—MURRAY, C. J., concurring.

It is objected, in this case, that the finding of the Court, sitting as a jury, was defective and insufficient. The finding was simply " that the facts stated in the plaintiff's complaint are true," and " that the facts stated in the defendants' answer are not true."

By the second subdivision of the thirty-ninth section of the Practice Act, the complaint must contain " a statement of the facts constituting the cause of action," and by the one hundred and eightieth section, the finding of the Court must contain a statement of " the facts found." Under these provisions, we think that the finding may well refer to the pleadings for a specification of the facts found and not found ; provided, such reference is sufficiently distinct to make it intelligible, and the facts are sufficiently stated in the pleadings. In this case, there was a very clear and simple statement of the facts, in both the complaint and answer.

It is also objected, that the evidence did not warrant the finding of the Court, especially as regards the facts stated in the answer. This is certainly true. The finding is " that the facts stated in the defendants' answer are not true," when it is clear, from the opinion of the Court, that the *general* negation is not true. Many of the facts stated in the answer were very fully and conclusively proven. But the question arises, whether the defendants were injured by this general finding ? Had the finding distinguished between the facts fully proven and those considered doubtful, would the case of the defendants have been in any better condition ? We think not.

As to the question whether the order drawn by North, upon the defendants, was a *prima facie* assignment of the debt due from the defendants to North, we think there can be no doubt. Even if it had been for only a *part* of the debt, no one could have made the obligation but the defendants. It would seem that a debtor may accept orders in favor of different persons, for different portions of the debt, and those accepted orders will bind all parties.

It is also objected, by defendants, that the finding of the Court

was not warranted by the pleadings. This objection, we think, is not well founded. The only pleading allowed on the part of the plaintiff, is the complaint and demurrer, (section thirty-eight,) and, by the provisions of section sixty-five, "the allegation of *new* matter, in the answer, shall on trial be deemed controverted by the adverse party, as upon a direct denial or *avoidance*, as the case may require."

The decision of the Court below, in rejecting the evidence offered by defendants, to prove that, by the agreement between North and Soule, made before the departure of North for the Colorado, the fund in question was pledged to the payment of Soule's demand, was erroneous. The testimony was admissible, as a circumstance, to explain the *bona fides* in the drawing of the order.

The rejection of Soule's testimony was correct. He was certainly as much interested as the plaintiff himself, and should have been made a party, had the defendants required it.

As the case must be reversed, and a new trial had, it is not proper that we should intimate any opinion as to whether there was any evidence to sustain the charge of fraud in drawing the order.

The judgment will be reversed and the cause remanded.