Breeze v. Doyle.

---

## BREEZE v. DOYLE et al.

WHERE the Court sits as a jury in the trial of a cause, it must, in all cases, find the facts specially; and the test of the sufficiency of the findings is this— " Would they answer if presented by a jury in the form of a special verdict ?"

A special verdict must, under section one hundred and seventy-four of the Practice Act, find the facts expressly and specially, and not generally or impliedly.

Where the complaint, after stating that defendants were engaged as copartners in the transportation of the United States Mail between the town of San Diego, in the State of California, and the town of San Antonio, in the State of

Breeze *v*. Doyle.

Texas, and were proprietors of the mail line, alleges in the first count an indebtedness to the plaintiff for "money lent by plaintiff to defendants; for money paid, laid out and expended by plaintiff, to and for the use of defendants, and to and for the use of their said mail line, and for work and labor done and performed by plaintiff for defendants, and for work and labor done and performed by plaintiff for and on account of their said mail line;" and in the second count alleges an indebtedness upon an account stated; and the findings were : 1st, that the material allegations in plaintiff's complaint and replication are true; 2d, that the material allegations in defendants' answer are not true : *Held*, that the findings are insufficient, because not referring distinctly to those allegations deemed *material*, and hence requiring a preliminary examination to determine what allegations are material, instead of leaving nothing for the Court except to draw from the facts as found, "conclusions of law."

*McEwen* v. *Johnson* (7 Cal. 258) distinguished from this case, in this, that there the finding embraced all the allegations of the complaint and answer, and was not restricted to such as were material.

The findings of the Court may refer to the pleadings. As for instance, it would be sufficient to find that the promissory note, mortgage or other instrument, set forth in the complaint, was executed by the parties, and at the time as therein alleged; and so with other matters alleged which are established by the evidence. But in all such cases the reference should be distinct and pointed, so as to leave no doubt as to what particular facts are intended.

Defective findings, or the absence of findings, do not render a judgment a nullity. They only constitute grounds for reversal on appeal, but not for attacking the judgment collaterally.

APPEAL from the First District.

Suit for money, the complaint containing two counts, as stated in the opinion of the Court, and the answer denying the allegations. Judgment for plaintiff on the findings. Defendants appeal.

*Eugene Casserly*, for Appellants.

The finding of facts was a nullity, and the judgment entered thereon was so likewise. (Pr. Act, 180.)

The facts found must be " separately stated," and then the conclusions of law ; and a general statement, as that " the defendant is indebted to the plaintiff," is not sufficient. And when a case is tried by the Court without a jury, the record must show a proper finding of facts and statement of conclusions of law, or the judgment being without any basis to stand on, will be reversed. (*Russel* v. *Amador*, 2 Cal. 305 ; *Hoagland* v. *Clary*, Id. 474 ; *Brown* v. *Brown*, 3 Id. 111 ; *Estill* v. *Chenery*, Id. 467.)

In such cases, the Court fulfills two separate and independent functions: of a jury to pass upon the facts, and of a Court to decide the law. So far as it has to find the facts, it is a jury, subject to the same restrictions and entitled to the same privileges. Its statement of facts found is, in its effect, regarded like the verdict of a jury, and is treated by the Courts with the same favor in all respects. (*Gilbert* v. *Luce*, 11 Barb. 91, 93 ; *Mann* v. *Witbeck*, 17 Id, 390 ; *Hoppe* v. *Robb*, 1 Cal. 373.) So with regard to referees. (*Davis* v. *Allen*, 3 Comst. 168; *Watkins* v. *Stevens*, 4 Barb. 168 ; and cases cited.)

In its form and tenor the finding of the Court is identical with the special verdict of a jury. Compare Practice Act, secs. 180 and 174.

The object of a special verdict, both at common law and under our statute, as distinguished from a general verdict, is to find the facts *expressly* and *specially*, and not generally or impliedly ; leaving the judgment upon them to the Court. (Pr. Act, sec. 174 ; 10 Bac. Abr. ; *Sisson* v. *Barrett*, 2 Comst. 406, 408; *Hill* v. *Covell*, 1 Id. 522, 524; 4 Denio, 323, 328; *Commonwealth* v. *Dooley*, 6 Gray, 360–1 ; *Garfield* v. *K. F. W. Co.*, 17 Cal. 510, 512; *Hann* v. *Field*, Litt. Sel. Cas. 377 ; *Langley* v. *Warner*, 3 Comst. 327, 329 ; *Goldsby* v. *Robertson*, 1 Blackf. 247–8.)

Tried by this test, this finding is bad. The Court below may regard one set of allegations as material, that is, well pleaded and relevant, and rest its finding upon these. The Court above may dissent *in toto* on this point from the Court below, and may rightly regard that set of allegations as wholly bad and irrelevant, and therefore immaterial ; but discovering in the pleadings another set of allegations, which are material and sufficient, may on them sustain the finding and judgment. Yet in the Court below there may have been no testimony whatever in support of this second set of allegations, or the testimony offered may have been wholly and justly discredited by the Court.

*McEwen* v. *Johnson* (7 Cal. 258) is relied on against us. That case, *if law*, is plainly distinguishable on its facts. There the finding embraced *all* the allegations of the complaint and answer, which seem to have been very direct and simple, and well pleaded,

and the decision is put upon that ground. Here there are two counts, of which one is bad. . Hence the facts are not " sufficiently pleaded" within the rule of *McEwen* v. *Johnson.*

*Heydenfeldt,* for Respondent, cited *McEwen* v. *Johnson,* (7 Cal. 258.)

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

The only question which we deem important to consider upon the appeal, relates to the sufficiency of the findings. The case was tried by the Court without a jury, and its decision was as follows:

" 1. That the material allegations in plaintiff's complaint and replication are true.

2. That the material allegations in defendants' answer are not true ; and as conclusions of law, that there is now due and owing from said defendants to said plaintiff the sum of $2,856.91, for which plaintiff is entitled to have judgment against said defendants, together with the costs of this action."

The question is, whether this finding is a compliance with the statute.

The Constitution of the State declares, that " the right of trial by jury shall be secured to all, and remain inviolate forever ; but a jury trial may be waived by the parties in all civil cases, in the manner prescribed by law." (Art. I, sec. 3.) The one hundred and seventy-ninth section of the Practice Act prescribes the manner in which a jury may be waived in civil cases. And the one hundred and eightieth section of the same act provides, that upon the trial of an issue of fact by the Court, its decision shall be given in writing ; and that " in giving the decision, the facts found and the conclusions of law shall be separately stated." The Court, upon such trial, besides performing its peculiar and appropriate duty of deciding the law, also discharges the functions of a jury, and passes upon the facts. So far as it acts as a jury, it is subject to the same rules and is entitled to the same privileges, with the exception of the mode of rendering its decision. It must in all cases find the facts—in other words, its verdict must in all cases be special. It

Breeze *v.* Doyle.

has not the discretion in this particular which is allowed in some actions to juries. (Sec. 175 of the Prac. Act as amended in 1854.)

The test, then, of the sufficiency of the findings of fact of a Court is this : Would they answer, if presented by a jury in the form of a special verdict ?   "A special verdict," says the statute, " shall present the conclusions of fact as established by the evidence, and not the evidence to prove them ; and those conclusions of fact shall be so presented as that nothing shall remain to the Court but to draw from them conclusions of law." (Prac. Act, sec. 174.) A special verdict must, therefore, find the facts expressly and specially, and not generally or impliedly. It must present the facts so distinctly as to refer the Court clearly to the questions of law arising upon them. (*Hill* v. *Covell,* 1 Comst. 522.) Has this been done in the case at bar ?   The complaint, after stating that the defendants were engaged as copartners in the transportation of the United States Mail between the town of San Diego, in the State of California, and the town of San Antonio, in the State of Texas, and were proprietors of the mail line, alleges in the first count an indebtedness to the plaintiff for " money lent by plaintiff to defendants ; for money paid, laid out and expended by plaintiff to and for the use of defendants, and to and for the use of their said mail line ; and for work and labor done and performed by plaintiff for defendants, and for work and labor done and performed by plaintiff for and on account of their said mail line ; " and in the second count alleges an indebtedness upon an account stated. Now, to which set of allegations in this complaint may the designation of *material* in the findings be deemed applicable ?   Is it to the allegations of " money lent," or to money " paid, laid out and expended " for the defendants or their mail line ; or is it to the allegations of " work and labor done and performed " for them or their line ; or is it to the allegations upon the account stated ?   It is impossible to state from the finding.   Something more remains for the Court than merely to draw from the facts as they are presented conclusions of law. A preliminary examination is necessary to determine what allegations are material ; and as several different allegations may be thus regarded, it is impossible to state to which the finding refers.

The case of *McEwen* v. *Johnson* (7 Cal. 258) is cited as an

8

authority in support of the finding in the present case.    But that case is clearly distinguishable from the one at bar.    There the finding embraced all the allegations of the complaint and answer, and was not restricted to such as were deemed material ; and the Court, after referring to the provisions of the Practice Act, said, that under them " the finding may well refer to the pleadings for a specification of the facts found and not found ; provided such reference is sufficiently distinct to make it intelligible, and the facts are sufficiently stated in the pleadings ; " adding that in that case there was a very clear and simple statement of the facts in both the complaint and answer.    There is no doubt that reference may be had to the pleadings in the finding.    As, for instance, it would be sufficient to find that the promissory note, mortgage, or other instrument set forth in the complaint, was executed by the parties, and at the time as therein alleged ; and so with other matters alleged which are established by the evidence.    But in all such cases the reference should be distinct and pointed, so as to leave no doubt as to what particular facts are intended.    There is no such reference in the present case, and the finding cannot, therefore, stand.

It is proper, however, to state that defective findings, or the absence of any findings, do not render a judgment, as contended by counsel, a nullity.    They only constitute grounds for reversal on appeal.    For such defect or absence the judgment could not be collaterally attacked.

Judgment reversed and cause remanded for a new trial.