Points decided.

B. PRALUS, C. PRALUS, JULES FRICOT, A. LANZET, S. RIPERT, E. W. HASKELL, L. LASVIGNES, AND JOHN HOESCH *v.* THE PACIFIC GOLD AND SILVER MINING COMPANY.

ACTION TO QUIET TITLE TO MINING CLAIM ON PUBLIC LANDS.—In an action brought under the two hundred and fifty-fourth section of the Practice Act, to quiet title to a quartz mining claim, located on the public lands of the United States, a possessory title thereto is sufficient to maintain the action by a party in possession, as against one out of possession.

IDEM—AVERMENT OF INJURY—WHAT SUFFICIENT.—Where, in such action, plaintiffs alleged that by reason of the defendant's adverse claim, "they were greatly embarrassed in ·the use and disposition of their mining claims," and "that thereby their value was greatly depreciated :" *Held,* that this was a sufficient averment of injury to sustain the action.

FINDINGS OF FACT—WHAT SUFFICIENT.—A general finding by the Court that "all the allegations and averments in plaintiffs' complaint are true, and that all in the answer are untrue," is sufficient and conclusive of all the material issues made by said pleadings.

FORFEITURE AND ABANDONMENT, AS A DEFENSE IN CERTAIN CASES.—Where the defendant to an action to quiet title to a mining claim on the public lands set up in a supplemental answer both abandonment and forfeiture by plaintiffs of their asserted title and possession to said claim after suit commenced, but failed to set up any subsequently acquired rights therein by defendants: *Held,* that said matters were unavailing to defendant as defenses to the action; and a failure of the Court to make special findings of fact thereon, was immaterial.

MINING CUSTOMS—PROOF OF.—On the trial of an action to quiet the title to a mining claim, the plaintiffs' title depended upon maintaining their allegation, that by the custom prevailing among the miners of the district embracing their claims, the mode of locating claims therein was for the locators to measure off and designate by stakes on the ground their boundaries, to enter upon the occupation of the same, and to cause a record thereof to be made of such location, in the County Recorder's office : *Held,* that the contents of a book kept in said Recorder's office, consisting of the records of numbers of such locations—among which, and the first in the order of their registration, was the record of plaintiffs' claim—was properly admitted in evidence as tending to prove such allegation.

DEPOSITIONS.—It is no objection to a deposition, taken in this State, where only the party taking the same appears, that it is in a narrative form, and is not taken by question and answer.

IDEM—CERTIFICATE OF.—There is no necessity for the statutory certificate to be appended to the deposition of each witness, when two or more give their depositions for the same party at the same time and before the same officer; but one certificate, in due form, to all such depositions, when securely attached together, is sufficient.

SPECIFICATION OF PARTICULARS IN STATEMEMT FOR NEW TRIAL.—Where a statement on motion for new trial fails to "specify the particulars" wherein the evidence is insufficient to justify, or is contrary to the findings of fact, such findings will not be reviewed on appeal as to their sufficiency in those respects.

Appeal from the District Court, Tenth Judicial District, Yuba County.

The trial of this cause was by the Court, without a jury. The pleadings on the part of the defendant, a corporation, consisted of the answer and a supplemental answer; the latter setting up as defenses the matters stated in the opinion of the Court, while the former put in issue all the averments of the complaint except that the defendant made claim of title to the disputed premises, and alleged that at the commencement of the action, and continuously thereafter, it had been in possession of the same.

On the trial plaintiffs, for the purposes stated in the opinion of the Court, introduced in evidence, under the objections and exceptions of defendant on the ground of irrelevancy, incompetency, and that being secondary evidence, no foundation had been laid for its introduction, the contents of forty-six pages of a book kept in the office of the County Recorder of Yuba County, called "Pre-emption Book, No. 2," which consisted of a record of the notices of location of divers quartz mining claims, among others, and the first of which in the order of record, was the notice of location of plaintiffs' claims. It appeared that the record of plaintiffs' notice, which was a true copy, was made from an original draft shown to be still in existence, but not produced or its absence accounted for.

The evidence for the plaintiffs consisted, in part, of the depositions of John Richards and James Pearce, mentioned in the opinion of the Court, which were introduced in evidence under the objections and exceptions of defendant, on the grounds that they were not taken by questions and answers, and were not properly certified to. The facts concerning said depositions were as indicated in the opinion of the Court.

The only specifications contained in appellant's statement on motion for a new trial, as to the insufficiency of the evidence to support the findings, were the following:

"Seventh—That the Court erred in each and every of its findings of facts, as each, every, and all of them are contrary to the evidence, in that there is no evidence to support them.

"Eighth—That each and every of the findings of the Court are unsupported by the pleadings, and are contrary to law.

"Ninth—That the evidence is insufficient to support the findings.

"Tenth—That the findings are not responsive to the issues made by the pleadings, and are insufficient, defective, uncertain, and general.

"Eleventh—That the findings are contrary to the evidence, in that the evidence showed that the defendants were at the time of the commencement of the suit, and long before then, and ever since have been, the owners of and in the possession of the ground in dispute; and that the plaintiffs never had been and were not in possession of the same at the commencement of suit, and have not since been.

"Twelfth—That findings are contrary to the evidence, in that the evidence was sufficient, and was uncontradicted, to support every allegation contained in the defendant's supplemental answer."

The plaintiffs had judgment in the Court below, from which and from an order denying their motion for a new trial the defendant appealed.

The other material facts are stated in the opinion of the Court.

*G. N. Swezy,* and *C. E. Filkins,* for Appellant.

The complaint does not state any cause of action under the two hundred and fifty-fourth section of the Practice Act, nor constitutes a case for relief in an action *quia timet.*

First—Because it appears by the complaint that the mining ground in dispute was, at the time of the plaintiffs' alleged location for mining purposes, vacant mineral lands, belonging to the United States. The plaintiffs truly show that they were only permissive occupiers thereof, under a

presumed license of the Government, for mining purposes, and had not such an estate or interest in the premises described in the complaint as constituted "real property" within the purview of section two hundred and fifty-four of the Practice Act. (18 Cal. 588; 20 Cal. 208; 23 Cal. 179; 24 Cal. 348.)

Second—Because the alleged injuries done and threatened by defendant do not constitute in law or equity any grounds for sustaining such actions, or either of them. (36 Barb. 38; 13 Wis. 641; 28 Cal. 204; 17 Cal. 157.)

Third—The complaint showing title out of the plaintiffs and in the Government, has not made a case in which an action *quia timet* to remove a cloud upon title would lie, as in such an action the plaintiffs must have either the legal or a complete equitable title. (32 Miss. 268; 33 Miss. 292; 5 Sneed, 627; 1 Littell, 148; 28 Cal. 647.)

That the Court erred in refusing to make findings upon the issues presented by the defendant's supplemental answer. (28 Cal. 304.)

The property in controversy is a class of property which is subject to being lost by forfeiture or abandonment under mining rules and customs of miners, and the answers having raised such issues, the Court should have passed on them when required. (26 Cal. 270, 532.)

In this action, like the action of ejectment, the defendant had a right to show a forfeiture or abandonment, or that plaintiffs have been divested of title or property in the premises since suit commenced, or is so divested at the time of trial, and that such showing would defeat a recovery the same as in ejectment. (23 Cal. 536; 9 Cal. 1; 22 Cal. 468; 28 Cal. 202.)

The Court erred in admitting in evidence the contents of Pre-emption Book, No. 2, without producing or accounting for the absence of the original notices. (13 Cal. 115.)

The defendant's objections to the depositions of Richards and Pearce should have been sustained. (3 Bing. 780.)

*F. J. McCann*, and *J. O. Goodwin*, for Respondents.

[All the points and authorities of respondents' brief are stated and cited in the opinion of the Court.]

By the Court, SPRAGUE, J.:

This action was brought under the two hundred and fifty-fourth section of our Practice Act, to quiet title to a quartz mining claim upon the public lands. The plaintiffs, as appears by the complaint, claim only a possessory title in or upon the public lands of the United States, and the first question presented is, whether such a claim or title is sufficient to authorize an action by the party in possession under the same to determine the adverse title or claim of a party out of possession. This has been frequently decided by this Court in the affirmative, and we think correctly. (*Merced Mining Company* v. *Fremont*, 7 Cal. 319; *Smith* v. *Brannan*, 13 Cal. 107; *Boggs* v. *Merced Mining Company*, 14 Cal. 279; *Curtis* v. *Sutter*, 15 Cal. 259; *Head* v. *Fordyce*, 17 Cal. 149.)

The allegation in the complaint, " that by means of the false representations and pretenses aforesaid of the said defendant (referring to the alleged adverse claim of defendant) they are greatly embarrassed in the free enjoyment, use, and disposition of their said described mining claim * * * and that the interest of these complainants in said mining claim * * * is greatly depreciated by reason of the possibility of title in this defendant, resulting from and growing out of said false and pretended claims," is sufficient averment of injury under the statute, resulting from such adverse claim, to sustain the action.

The special findings of fact by the Court, as found in the record, cover the material issues in the case, and the general finding that " all the allegations and averments in plaintiffs' complaint are true, and that all in the answer are untrue," is sufficient, and conclusive of all the issues made by the plead-

ings. (*McEwen* v. *Johnson*, 7 Cal. 260 ; *Breeze* v. *Doyle*, 19 Cal. 101.) But it is contended that the fourth (general) finding, " that all the allegations and averments in plaintiffs' complaint are true, and that all in the answer of defendants are untrue," does not cover the issues tendered by the supplemental answer, and that there is an entire absence of any finding upon such issues. The only issues tendered by the supplemental answer are abandonment and forfeiture by plaintiffs of the premises in controversy since the commencement of the suit by virtue of the mining laws of the district.

Pending a controversy in Court involving the right to the possession of the premises as between plaintiffs and defendant, the plea of abandonment or forfeiture tendered by defendant might well have been disregarded by the Court, especially in the absence of any allegation of subsequently acquired rights in the premises by defendant.

A simple abandonment or forfeiture by plaintiffs could not inure to the especial benefit of defendant. But the first special finding of the Court is conclusive upon the issue of abandonment by plaintiffs. It is as follows: That on or about the 8th day of September, 1862, the plaintiffs above named and their grantors located the six hundred feet upon and along a certain quartz ledge or lode known as Brown's Valley or Pennsylvania Ledge or Lode, situated at Brown's Valley, Yuba county, measured off and appropriated the same for mining purposes, and immediately entered into the possession and enjoyment thereof, and have ever since been in the peaceable and quiet possession of said mining claim, so as aforesaid located, appropriated and held by plaintiffs." * * * And this finding embraces all the tendered issues in the supplemental answer, except that of forfeiture of plaintiffs' right of possession, by reason of failure to perform the labor required by the rules of the district *pendente lite*, and this question under the former pleadings and facts, as specifically found, we regard as entirely immaterial in this case, as defendant does not allege any subsequent appropriation of the premises, or newly acquired right therein.

The point that error was committed by the Court in admitting in evidence Pre-emption Book, No. 2, Yuba County, is not well taken. The object and purpose for which this evidence appears to have been offered was to establish the fact that plaintiffs had caused a record to be made of the location of their quartz mining claim in the Recorder's office of Yuba County, and to furnish evidence tending to establish a custom of the district to record quartz claims at the County Recorder's office.

Plaintiffs were seeking to establish that, at the time when their quartz claim was alleged to have been located, it was the custom of the Brown's Valley Quartz Mining District for persons desiring to locate and appropriate a quartz claim to measure off and designate the boundaries of such claim by stakes on the ground, enter upon the same, and cause a record of such location to be made in the County Recorder's office. Had the record been offered as evidence of the contents of a separate, independent, original notice, it would have been incompetent, whether the loss of such original had been established or not.

Such custom sought to be established by this book would make the entry found therein the original notice, not a record or copy of an independent original.

The objections to the depositions of Richards and Pearce are not tenable. We see no objection, under our statute, to taking a deposition in a narrative form, instead of question and answer. In this case defendant, though having due notice of the time and place of taking the depositions of witnesses Richards and Pearce, did not appear. The caption of the depositions, after the title of the cause, is as follows: "Depositions of John Richards and James Pearce, witnesses, taken in above case * * * on the part of plaintiff, pursuant to notice and affidavit hereto annexed, at the time and place therein mentioned." There is but one caption and one certificate to both depositions, nor is it necessary, when the depositions of two or more witnesses are taken in behalf of the same party, under the same notice, at the same time and

place, and before the same officer, that a formal certificate of the officer should be appended to the deposition of each witness. In such case one certificate appended at the close of all the depositions on the same paper, or on several sheets of paper securely attached together, if in proper form, may cover each and all.

The statement on motion for a new trial entirely fails to " specify the particulars " wherein the evidence is insufficient to justify, or contrary to, the finding, except as to the issue of possession of the mining claims in controversy, and upon this point the evidence is substantially conflicting, hence the finding should not be disturbed by this Court. (*Lyle* v. *Rollins,* 25 Cal. 440 ; *Ellis* v. *Jeans,* 27 Cal. 273 ; *Doe* v. *Vallejo,* 29 Cal. 385 : *Rice* v. *Cunningham,* 29 Cal. 495.)

Judgment and order denying new trial affirmed.