## VAN RIPER v. BAKER ET AL.

1. **Practice:** FINDING OF FACT. The ultimate facts only should be stated in a finding of fact, and these should be given with the same certainty and definiteness as would be required in a pleading.

2. **Vendor and Vendee:** STATUTE OF FRAUDS: SURETY. Where, in the sale of merchandise, the vendor could have reasonably inferred, from the statements and conduct of one who had previously promised to become the vendee's surety on a note for the purchase price, that he would keep the promise, and relying upon this the merchandise was delivered, *held*, that the party making the promise was liable as surety.

*Appeal from Poweshiek Circuit Court.*

FRIDAY, OCTOBER 20.

ACTION to recover the purchase price of a threshing machine, claimed to have been sold and delivered by plaintiff to the defendants. The plaintiff agreed to repair a second-hand machine, and the defendant, Baker, agreed to purchase the same when repaired if on trial it proved satisfactory. Baker was to execute notes for the price of the machine, and Schone agreed to sign the notes as surety for Baker. There was a judgment for plaintiff, and defendants appeal. The further material facts are stated in the opinion.

*Henry Martin*, for appellant.

*John T. Scott*, for appellee.

SEEVERS, CH. J.—There was a trial to the court, by whom what is termed in the abstract a finding of facts was made, the material portion of which is as follows:

"3. That on or about the first day of September, 1874, the machine was completed and was taken. possession of by the defendant Baker, on trial, and that he did try it by threshing with it two days. In the meantime it worked only moderately well and some parts thereof were repaired by plaintiff. Finally it was thought by Baker, that if a shield was furnished for the side of the separator it would work all right, and he informed plaintiff's agent, who had made the contract and who was present helping to operate the machine for and on behalf of plaintiff, that if plaintiff would furnish the shield he would execute the notes. Accordingly, on the afternoon of the same day, plaintiff furnished the shield and it was attached to the machine in the presence of plaintiff and both of the defendants; thereupon the plaintiff requested defendants to sign the notes, which ·defendant Baker then did, and passed them back to plaintiff and he to Schone, to sign. The latter took the notes, then hesitated and remarked that he and Baker had not yet completed their arrangements,. and addressing the plaintiff, said: 'Charley, you know me, I will do just as I say; you meet me at Mr. Martin's office to-morrow morning and I will sign the notes.' The plaintiff assented thereto, and then said to defendants, 'I will now deliver you possession of the machine.' · Neither of the parties dissented from the proposition, and they separated with such an understanding.

"4. That defendant, Schone, did not meet plaintiff the next morning to sign the notes, in accordance with the agreement, but he has ever since failed and neglected so to do."

When a finding is made, the ultimate facts found to be established by the testimony should be clearly and certainly

1. PRACTICE: found and stated. Evidence should never be stated
finding of
fact. in the finding, but the facts deemed to have been proved thereby, with at least the same certainty and definiteness as would be required in a pleading.

If the plaintiff had stated his cause of action as in the foregoing finding, he would have failed to state any promise or agreement to pay on the part of Schone at the time the machine was delivered, and his previous agreement to sign the

notes as. surety, having been made while repairing the machine, was' void because not in writing.   There is evidence from which a promise may be inferred, and it may be inferred that the machine was delivered in consequence of such promise; but it is not stated the court found such to be the fact. The abstract fails to state that all the evidence is before us, and only in such case can we review the finding of the court below as to a question of fact.   Code, § 3170.   There being no such finding of facts as is required by law, it is impossible for us to say the court erred in the judgment rendered.

It may be proper to say that a majority of the court incline to believe that the machine was delivered upon the faith of Schone's promise to sign the notes, and therefore such promise is not within or affected by the statute of frauds.

AFFIRMED.