[No. 4985.]

THOMAS WATSON v. H. K. CORNELL ET AL.

FINDING OF FACTS.—It is the duty of the Court, when it tries an action without a jury, to find the fact in relation to every material issue.

APPEAL from the District Court, Second Judicial District, County of Lassen.

The plaintiff, in his complaint, averred that he was the owner of a tract of land commonly called Watson's Ranch, which he describes according to the subdivisions made by the United States Survey; that it was agricultural land; that he and his grantors had tilled it since the year 1857; that a stream of water called Gold Run took its rise in the mountains south and west of the land, and in its natural channel flowed over a portion of the land; that he owned three ditches so excavated as to enable him to convey the waters of the creek upon portions of his land for irrigation; that he and his grantors had had the full flow and use of the waters of the creek through the ditches, and had used the same for irrigation for more than fifteen years, and that he was the owner of and entitled to the free and full use of all the water of the creek for agricultural and mining purposes, and had a right to divert it from its natural channel. That about the 11th day of June, 1873, while he had said water running in his ditches, and was using it for irrigation upon his land, the defendants dammed up the ditches and turned the water out of them, and by means of other ditches appropriated the water to

their own use.    The complaint also averred what was the depth and width and capacity of each ditch.

The defendants, in their answer, denied that the plaintiff's ditches were of the capacity he had averred them to be ; that he had by means of them had the full and exclusive flow of the water, adverse to them ; that the plaintiff or his grantors had used all the water ; that the plaintiff owned or was entitled to the free use of all or any portion of the water for any purpose other than that which belongs to the land through which the creek passed ; and that the plaintiff had a right to divert the water to his exclusive benefit.    The answer then averred that the defendants were severally the owners of tracts of land (describing them) through which the creek ran, and had received patents for their lands from the United States ; that the creek flowed over their lands in its natural course, and they were entitled to have it so flow, but that the plaintiff had diverted the water from its natural channel, and converted it to his own use, and deprived the defendants of the same, and that the defendants were entitled to have the water flow in its channel without material diminution ; that their lands, except those of one defendant, (Wheeler) lay on the creek below the plaintiff's land, and that the defendants, with the consent of the plaintiff, in June, 1873, turned the water out of his ditches, claiming the right so to do as riparian proprietors, and that was the diversion complained of.

The Court gave judgment for the plaintiff, enjoining the diversion of the water.    The defendants appealed.    The other facts are stated in the opinion.

*P. O. Hundley, Jo Hamilton,* and *J. S. Chapman,* for the Appellants.

*E. V. Spencer,* for the Respondent.

By the COURT :

It is the duty of the Court, in trying a cause without a jury, to find the truth of every material issue involved in the action. Among other issues in this cause, upon which no findings have been made, are the following :

What is the capacity of each of the ditches mentioned in the complaint?

To what extent, both in time and amount, have the plaintiff, and those under whom he claims, appropriated the waters of the stream by means of those ditches respectively?

Did the plaintiff acquire the right to the use of the water of the stream, as against either of the defendants, by prescription?

Did the defendants divert the water from the ditches by the permission of the plaintiff?

Judgment reversed and cause remanded, with directions to find upon all the material issues in the cause, or, in case of inability so to find, to try the action anew.