## McFADDEN *v.* FRIENDLY.

### Chattel Mortgage for Future Advances.

A chattel mortgage is a good consideration for an agreement to make future advances of goods; and a written agreement, which shows on its face that such agreement to deliver goods is secured by a chattel mortgage, purports to have been made on a good and sufficient consideration.

### Trial by Court—Finding of Fact.

A finding of fact in a trial by the court, which shows that the cause of action set up in the complaint had been made out, and that the defense set up in the answer is untrue, is sufficient.

APPEAL from Benton.    The facts are stated in the opinion.

*Chenoweth & Johnson and J. R. Bryson*, for appellant.

The complaint is fatally defective, because no consideration was alleged for making the contract or writing sued upon. (10 Johns., 417; Edwards on Bills, 315; Van San. Pleadings, 554.)

The agreement to furnish goods to McCullough, was an agreement to give him a credit, for a special purpose, and was a mere accommodation, and he could not have maintained an action against Friendly.    (Edwards on Bills and Notes, 315, 316, 678.)

*Kelsay & Burnett and W. S. McFadden*, for respondent.

There were no exceptions to the findings by the circuit court, and no motion for a new trial.    The appellant cannot now attack them on the ground that there should be additional findings.    (*Green* v. *Clark*, 31 Cal., 591; *Hallock* v. *City of Portland*, 8 Oregon, 29; *Pralus* v. *Jefferson*, 34 Cal., 554.)

Only the material issue need be found.    (*Fink* v. *Canyon Road Co.*, 5 Oregon, 301; *Philomath College* v. *Hartless*, 6 Oregon, 159.)

By the Court, WALDO, J.:

This action is founded upon the following writing:

"CORVALLIS, Dec. 23, 1878.

"This is to certify, that upon a settlement this day made by and between Max Friendly and W. S. McCullough, an agreement was made to obtain goods for the payment of the men and the various expenses attending the logging and saw-mill expenses.    It was agreed that said W. S. McCullough was entitled to a credit of sixteen hundred and fifty-seven dollars, for goods, at the store of Max Friendly, at Corvallis, and that said amount was included and a part of the sum of $5,920, named in the chattel mortgage this day made.

"MAX FRIENDLY."

The complaint alleges an assignment of this instrument to the respondents, and a demand on Friendly for the sum of two hundred and sixty-seven dollars in goods, the amount of goods alleged to be due and unpaid, and the refusal of Friendly to deliver the same.

The answer consists of specific denials, and a separate defense, each and all of which are denied in the reply.

The court finds, as conclusions of fact, that the plaintiffs, for a valuable consideration, are the assignees of the said instrument in writing. and that there was due and unpaid thereon at the time of said assignment, and then, the sum of two hundred and sixty-seven dollars.

We must conclude from these findings, that the court found the denials and the separate defense set up in answer to be untrue, and that the facts set up in the complaint were true. When the court found against each and every denial and defense set up in the answer, this fact is fully declared by finding the cause of action alleged in the complaint to be made out. By such a finding the court passes upon all of the material issues of the case. It would not add to our knowledge of the facts found, were the findings set forth separately on each issue tendered by the answer.

In *McEwan* v. *Johnson*, 7 Cal., 258, under a system of pleading and practice similar to that in this state, a finding " that the facts stated in the plaintiff's complaint are true," and " that the facts stated in the defendant's answer are untrue," were held sufficient. (See also *Pralus* v. *Pacific G. & S. M. Co.*, 35 Cal., 35; *Breeze* v. *Doyle*, 19 Cal., 105.)

In legal effect such is the finding of fact in this case, and must be held valid if there is a cause of action set up in the complaint. A chattel mortgage for advances in the future is good.

It follows that the giving of such a mortgage is a binding contract, which cannot be set aside at the will of either party. The party agreeing to deliver the goods is bound to deliver them so long as the other party has not violated his contract.

The agreement in the case appears, on its face, to be an agreement for future advances, secured by a chattel mortgage, made on the same day.   That this was a chattel mortgage given by McCullough to Friendly is not expressly stated, but is almost necessarily implied.   It is said in *Barney* v. *Newcomb,* 9 Cushing, 56, that "where the true import and meaning of a written instrument is doubtful, and the intention of the parties cannot be determined from its language, the right doctrine is, that it shall be construed most strongly against the person using the doubtful language, and in favor of him who has been misled, and advanced his money upon it." Friendly signs the original, and expressly agrees to deliver goods to McCullough.   That the mortgage to secure the advances of goods was, also, a transaction between the same parties, is a plain inference, and, as against Friendly, must be presumed, and thus a good consideration to support his agreement is deduced from the face of the instrument.   It follows that the judgment of the court below must be affirmed.

Judgment affirmed.