Statement of facts.

[Filed April 30, 1891.]

## DRAINAGE DIST. NO. 4 v. SAMUEL CROW.

PRACTICE—TRIAL BY THE COURT—FINDINGS.— In the trial of an action by the court without the intervention of a jury, there must be findings of fact sufficient to sustain the judgment. All of the material issues made by the pleadings should be passed upon. *McFadden* v. *Friendly*, 9 Or. 222, so far as it states a different rule, is overruled.

Washington county: FRANK J. TAYLOR, Judge.

Plaintiff appeals.    Reversed.

This is an action commenced before a justice of the peace of Washington county to recover a tax of $10.30. The grounds upon which plaintiff seeks a recovery are stated in its complaint, substantially as follows: That plaintiff has been and is now a drainage district, duly organized and existing under the laws of Oregon providing for the drainage of lands in Washington county, Oregon, said drainage district being organized for the purpose of clearing Dairy creek and Lousignot lake, in said county and state, of driftwood and other obstructions to the full flowage of water in the channels of said streams; that the defendant is and was during the year 1889 the owner of sixty-three acres of land lying within the boundaries of said drainage district and being subject to overflow, and of the assessed value of $588; that during the year 1887 the supervisor of drainage of said district performed certain labor and expended moneys in hiring labor in clearing the obstructions as aforesaid from the channels of said streams, and charged up the cost of such work to said district and the lands lying therein, and said charges are made in proportion to the assessed value of said lands, to wit, 1¾ cents on the dollar on the assessed value of said lands; that the amount so charged against the lands of the defendant herein was $10.30, and that said supervisor of drainage duly reported his proceedings as such, including the charge against the lands of defendant, to the regular meeting of the land-owners of said district held March 5, 1888, and said charges were approved and found to be correct by said meeting; that a copy of said supervisor's report

and a synopsis of the proceedings of said meeting were thereafter duly filed with the clerk of the county court of the aforesaid county by the secretary of said drainage district; that the defendant has not paid said sum so charged, nor any part thereof, and there is now due and owing from the defendant to the plaintiff the said sum of $10.30, for which plaintiff prays judgment, etc. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and for the further reason that the plaintiff had not legal capacity to sue, which being overruled, the defendant answered, denying each material allegation of the complaint. The defendant had judgment before the justice, from which plaintiff appealed to the circuit court; and upon a trial in that court the defendant again had judgment, from which this appeal is taken.

*S. B. Huston,* and *C. H. Carey,* for Appellant.

*Thomas H. Tongue,* for Respondent.

Strahan, C. J.—There is no bill of exceptions in this case, and therefore the main questions argued upon the trial we are not permitted to examine because the same are not presented by the record. The only question that is presented by the judgment roll is the sufficiency of the findings of fact to support the judgment. The findings of fact are as follows: "The court now finds that the allegations of the complaint are not sustained; that said drainage district is not legally organized; that said alleged tax has not been legally levied, and as conclusions of law the court finds that the defendant is entitled to judgment against the plaintiff," etc. Section 219, Hill's Code, provides: "Upon the trial of an issue of fact by the court, its decision shall be given in writing and filed with the clerk during the term or within twenty days thereafter. The decision shall state the facts found and the conclusion of law separately without argument or reason therefor." * * * And section 220 says such findings shall be deemed a verdict. The object of this statute was to enable the parties to have placed upon the record the

facts upon which the right litigated depends as well as the conclusion of law, separately stated, which the court drew from the facts found. The facts found are conclusive upon the appellate court, but the conclusions of law are reviewable here on appeal. So that we conclude, the purpose of this statute is to aid or enable the parties to have the questions of law arising upon the facts found reviewed and re-examined in an easy and expeditious manner. If there is no question as to the admissibility of evidence, a bill of exceptions may in many cases be entirely dispensed with. Of course, if questions arise upon the trial and exceptions are taken, and the findings either of law or fact cannot properly show what rulings the court made thereon, the same can only be reviewed on bill of exceptions as in an ordinary jury trial. This statute received a construction in this court in *Fink* v. *Canyon Road Co.* 5 Or. 301, and the views here presented are in strict harmony with that construction. It was said in that case: "Where a cause is tried by the court without the intervention of a jury, there must be findings of fact sufficient to sustain the judgment. All the material issues should be passed upon. It is needless to cite authorities upon points so obviously clear and so thoroughly settled." The citation of this case would seem to be all that is necessary were it not that *McFadden* v. *Friendly*, 9 Or. 222, seems to state a contrary doctrine. It is said in the headnote to that case that "a finding of fact in a trial court, which shows that a cause of action set up in the complaint had been made out and that the defense set up in the answer is untrue, is sufficient." This case seems to state a different rule from that of *Fink* v. *Canyon Road Co.*, *supra.* There can be no doubt that the safer and better rule of practice is that announced in *Fink* v. *Canyon Road Co.*, *supra.* These findings take the place of a special verdict, and such verdict must find facts sufficient to support the judgment. (*Sisson* v. *Barrett*, 2 Comst. 406; *Casey* v. *Dwyre*, 15 Hun, 153.) And the rule is distinctly stated in *N. P. R. R. Co.* v. *Reynolds*, 50 Cal. 90, that when the facts are found, it must affirmatively

appear that they support the judgment. So in *Campbell* v. *Buckman,* 49 Cal. 362, it was held under the code of that state that where findings of fact are made, the court must find on all the material issues made by the pleadings. And in *Dowd* v. *Clarke,* 51 Cal. 262, it was held that a judgment could not stand unless there were full findings which respond to all the material issues made by the pleadings. And *Watson* v. *Cornell,* 52 Cal. 91; *Roeding* v. *Perasso,* 62 Cal. 515, and *Paulson* v. *Nunan,* 64 Cal. 290, are to the same effect. *McFadden* v. *Friendly, supra,* so far as the same conflicts with this opinion, must be regarded as no longer authority.

The findings in this case do not in any particular conform to the requirements of the Code, and leave us no alternative but to reverse the judgment and award a new trial.