BESSIE G. NORTON v. D. G. WILKES and Others.[1]

December 9, 1904.

Nos. 14,087—(121).

**School District—Contract.**

    The board of trustees of a school district may, prior to the regular annual election held in July, employ a teacher for the ensuing year, and bind the district not only for the period of five months required by law, but during such further time as may be fixed or established by the electors at such meeting.

**Finding of Court.**

    Where a complaint states a cause of action, a general finding by the trial court that all the allegations thereof are true is sufficient.

**Pleading—Objection after Judgment.**

    When an issue is presented for the first time after judgment, a complaint will be upheld if a cause of action is fairly inferable from the allegations thereof.

Action in the district court for Mille Lacs county against defendants, as trustees of school district No. 17 of that county, to recover $360 and interest for breach of a teacher's contract made with plaintiff. The case was tried before Baxter, J., who found in favor of plaintiff for the sum demanded. From a judgment entered pursuant to the findings, defendants appealed. Affirmed.

*Foster & Pratt* and *Stewart & Brower,* for appellants.

*J. Van Valkenburg* and *F. N. Hendrix,* for respondent.

[1] Reported in 101 N. W. 619.

DOUGLAS, J.

Appeal by defendants from a judgment of the district court of Mille Lacs county in favor of plaintiff.

It appears from the complaint that this action was brought to recover the amount agreed upon in an executory contract entered into in March, 1902, by which said school district promised to pay plaintiff the sum of $45 per month for services to be rendered in teaching its school a period of eight months during the ensuing fiscal year, subject, however, to the following proviso:

> That this contract is holding only for the five months required by law, if no greater time is voted at the annual meeting of 1902.

At the regular annual meeting of the electors of said district held in July, 1902, provision was made by a majority vote for holding school for a period of nine months. A new board of trustees was elected, which proceeded to employ another teacher, and thereafter during the year refused to permit plaintiff to teach in said school. Plaintiff also alleged an offer to teach on her part, and that she was unable to procure other employment during the period named.

The court found: (1) That all of the allegations and statements contained in the complaint in this action are true in all respects as therein set forth. (2) That, except as hereinbefore stated, none of the allegations contained in the pleadings herein are sustained by the evidence. As the evidence is not preserved in the record, we are limited to the inquiry whether the complaint states a cause of action, and the findings are sufficient in form to support the judgment.

Where a complaint states a cause of action, it has long since been settled that a general finding that all of the allegations thereof are true is sufficient. School District No. 73 v. Wrabeck, 31 Minn. 77, 16 N. W. 493; Combination S. & I. Co. v. St. Paul City Ry. Co., 52 Minn. 203, 53 N. W. 1144; Abrahamson v. Lamberson, 68 Minn. 454, 71 N. W. 676. For the exceptions to the rule see Bahnsen v. Gilbert, 55 Minn. 334, 56 N. W. 1117.

It is insisted that it does not appear that plaintiff was a qualified teacher; also that the contract with her was void in this: That the officers of the district prior to the annual meeting in July, 1902, were not authorized to enter into a contract covering a period in excess of

five months of the fiscal year 1902–1903. We are of the opinion neither position is well taken. When the question is presented for the first time after judgment, a complaint will be upheld if a cause of action is fairly inferable from the allegations of the complaint. McArdle v. McArdle, 12 Minn. 53 (98); Smith v. Dennett, 15 Minn. 59 (81); Frankoviz v. Smith, 34 Minn. 403, 26 N. W. 225; Seibert v. Minneapolis & St. L. Ry. Co., 58 Minn. 39, 59 N. W. 822. The complaint alleged that

> Plaintiff was, at the time of entering into said contract, a duly licensed and otherwise legally authorized teacher under and pursuant to the laws of the state of Minnesota, and that she has ever since said date been fully and legally authorized as a teacher within the state of Minnesota.

This allegation, questioned for the first time after judgment, is sufficient.

We are also of the opinion the officers of a school district may, prior to the annual meeting held in July, enter into a conditional contract, such as was made with the plaintiff. Under the condition mutually agreed upon, this contract did not purport to obligate the district for the payment of money for services to be rendered except during five months, unless subsequent action was had by the electors extending the school period. While the vote of the district cannot in any sense be said to be a ratification of such contract, as it simply extended the school term, still the contract was entered into in contemplation of the fact that the electors were authorized to extend this period, and it is a matter of common knowledge that teachers are selected, and such agreements ordinarily made, at the close of the regular school year. An administrative construction of an act is frequently considered in determining the intention of the legislature. This contract was made a reasonable time before the beginning of the fiscal year during which such services were to be performed, and, in our opinion, was binding upon the district without ratification.

Plaintiff, a qualified teacher, offered to perform such services, and, being unable to procure other like employment during the period agreed upon, it follows the judgment is affirmed.

Judgment affirmed.