Argued March 5, reversed and remanded March 18, 1919.

# TURNER *v*. CYRUS.

(179 Pac. 279.)

**Trial—Verdicts—General and Special—Statutory Definition.**

1. A "general verdict," defined by Section 152, L. O. L., pronounces generally on the issues, either for plaintiff or for defendant; a "special verdict," likewise defined, finds the facts only, leaving the judgment to the court.

**Trial—Findings by Court in Jury-waived Case—Precision and Particularity—"Special Verdict."**

2. The findings made by the judge, when deciding an action wherein the parties have waived their right to a jury, are in the nature of a "special verdict," and must find the facts with the same degree of precision and particularity required of a jury when rendering a special verdict.

Trial—Special Verdict—Characteristics.

3. A special verdict must find all the facts essential for a judgment, should state ultimate and constitutive rather than evidentiary facts, should find them expressly and specifically, not generally and impliedly, and the findings must be certain, and cannot be added to by intendment or extrinsic facts.

Trial—Special Verdict—Disposition of Issues.

4. Though a special verdict must pass upon and dispose of all the material issues, it is sufficient if the court finds on an issue which ultimately determines and necessarily supports the judgment rendered, so that other issues become immaterial.

Trial—Jury-waived Case—Findings by Court—Sufficiency to Sustain Judgment.

5. Findings by the court, in a jury-waived case, that the issues were with plaintiff, and the allegations of his complaint true, were merely the equivalent of a general verdict, and not a decision stating the facts found, as required by Section 158, L. O. L., to sustain judgment for plaintiff.

Trial—Jury-waived Case—Duty of Court to Make Finding.

6. It was the absolute duty of the trial court to make findings of fact on all the material issues presented by the pleadings, and neither party was required to request the court to make such findings.

From Clatsop: JAMES A. EAKIN, Judge.

Department 1.

This is an action brought by L. H. Turner against A. R. Cyrus. The complaint alleges, in substance, that L. H. Turner & Co. authorized Cyrus to collect certain rents due to the former; that Cyrus collected $150 "for and on account of the said L. H. Turner & Co."; that although "L. H. Turner & Co. demanded said $150 of" Cyrus, he refused to pay, "and the same is now due"; and that the account "was duly assigned to the plaintiff herein, and is now his property."

The answer consisted of a general denial. Both parties consenting, the cause was tried to the court without the aid of a jury. After hearing the witnesses the court found "that the issues are with the plaintiff, and that the allegations of his complaint filed in the above-entitled action are true"; and based upon the quoted "findings of fact" the court drew the legal conclusion

that the plaintiff was "entitled to the relief demanded" and adjudged that the plaintiff recover $150, with interest and costs and disbursements. The defendant appealed.          REVERSED AND REMANDED.

For appellant there was a brief prepared and submitted over the names of *Messrs. Norblad & Hesse* and *Mr. James W. Mott.*

For respondent there was a brief and an oral argument by *Mr. Samuel M. Endicott.*

HARRIS, J.—The court made no findings of fact except the "findings of fact" already quoted. The defendant contends that the "findings of fact" made by the court are not sufficient within the rule applied in *Drainage Dist. No. 4* v. *Crow,* 20 Or. 535 (26 Pac. 845). The plaintiff argues that, when properly construed, the opinion in *Drainage Dist. No. 4* v. *Crow,* 20 Or. 535 (26 Pac. 845), does not announce that an *omnibus* finding that the allegations contained in a complaint are true or not true, as the case may be, is insufficient to sustain a judgment. The only question presented by this appeal is whether the judgment is legally sustained by the quoted "findings of fact." The question for decision cannot be adequately considered unless we first examine our statutes and then view them in the light of their history.

1. We read in Section 152, L. O. L., that:

"The verdict of a jury is either general or special. A general verdict is that by which the jury pronounce generally upon all or any of the issues, either in favor of the plaintiff or defendant. A special verdict is that by which the jury find the facts only, leaving the judgment to the court."

Section 157, L. O. L., prescribes how trial by a jury may be waived. Section 158, L. O. L., directs that upon the trial of an issue of fact by the court, its decision shall be given in writing and

"the decision shall state the facts found, and the conclusions of law separately, without argument or reason therefor. Such decision shall be entered in the journal, and judgment entered thereon accordingly. The court may deliver any argument or reason in support of such decision, either orally, or in writing, separate from the decision, and file the same with the clerk."

In passing it may be noted that Section 154, L. O. L., provides that the court may in all cases instruct the jury, "if they render a general verdict, to find upon particular questions of fact"; but this provision for findings "upon particular questions of fact" must not be confused with the provision for special verdicts found in Section 152, L. O. L. The words "general" and "special" of themselves suggest at once the inherent difference between a general and special verdict. One pronounces generally upon the issues, either for the plaintiff or for the defendant; the other finds the facts only, leaving the judgment to the court.

2. It was expressly held in *Moody* v. *Richards,* 29 Or. 282, 285 (45 Pac. 777, 778), that

"the statute making it incumbent upon the court to state the facts found, the consent of a party to submit his cause for trial without the intervention of a jury must be construed as a request for a special verdict, which necessitates a finding upon all the material issues involved in the action."

The ruling made in *Moody* v. *Richards* is in harmony with the generally accepted doctrine that the findings made by the judge, when deciding an action wherein the

parties have waived their right to a jury, are in the nature of a special verdict: 2 Thompson on Trials (2 ed.), § 2658; 38 Cyc. 1953; and therefore the court must find the facts with the same degree of precision and particularity as is required of a jury when rendering a special verdict: *Ellis* v. *Lane,* 85 Pa. St. 265, 270; *Briere* v. *Taylor,* 126 Wis. 347, 353 (105 N. W. 817); *Anglo-American Land, M. & A. Co.* v. *Lombard,* 132 Fed. 721, 734 (68 C. C. A. 89); *Van Riper* v. *Baker,* 44 Iowa, 450, 451. Since the standard fixed for a special verdict is the measure by which we must determine the sufficiency of findings made by the court, it becomes necessary to ascertain the requisites of a special verdict.

Originally a false general verdict rendered the jury liable to be attainted. Relief from the harsh consequences of a false general verdict was afforded by the introduction of special verdicts. The statute of Westm. 2, 13 Edw. I, C. 30, Section 2, expressly provided that

"the justices of assize shall not compel the jurors to say precisely whether it be a disseisin or not, so as they state the truth of the fact, and pray the aid of the justices; but if they will say of their own accord that it is disseisin, their verdict shall be admitted at their own peril."

But there is authority for the statement that this statute was only a legislative affirmance of the common law: 2 Thompson on Trials (2 ed.), § 2649; Clementson on Special Verdicts, 1. Regardless of whether special verdicts find their origin in the statute of Westm. 2 or at a still earlier period the practice of permitting special verdicts was recognized and the rules defining the requisites of such verdicts were thorougly established. When speaking of the New York Code which defined a special verdict in language identical

with Section 152, L. O. L., the court said in *Eisemann*
*v. Swan,* 19 N. Y. Super. Ct., 668, 671:

"There is nothing in the Code of Procedure to war-
rant the idea that the requisites of a special verdict are
other or different now than they were before the Code
was enacted."

We may assume therefore that our Code neither re-
quires more nor will be satisfied with less than was
requisite before its enactment.

3. When we consider the reason which gave rise to
special verdicts we at once perceive that it is the office
of a special verdict to find and place on record all the
essential facts so that the judge can apply the law to
those facts. The special verdict must find all the facts
essential for a judgment; ultimate and constitutive
rather than evidentiary facts should be stated; facts
must be found expressly and specifically, not generally
and impliedly; the findings must be certain and cannot
be aided by intendment or by extrinsic facts: 38 Cyc.
1919, 1920; Clementson on Special Verdicts, 229, 264;
29 Am. & Eng. Ency. of Law (2 ed.), 1032; 2 Thomp-
son on Trials (2 ed.), § 2652. As expressed in *Vansyckel*
*v. Stewart,* 77 Pa. St. 124, 127, "the special verdict
must be self-sustaining or fall."

4. Stated broadly the special verdict must pass
upon and dispose of all the material issues; but
this broad statement is subject to the qualifica-
tion that a special verdict is sufficient if the court
finds on an issue which ultimately determines and
necessarily supports the judgment rendered, so that
other issues in the case become immaterial; *Lewis*
*v. First Nat. Bank,* 46 Or. 182, 188 (78 Pac. 990); *Ore-*
*gon Auto-Dispatch* v. *Portland Cordage Co.,* 51 Or.
583, 586 (94 Pac. 36, 95 Pac. 498); *Freeman* v. *Trum-*

*mer,* 50 Or. 287, 290 (91 Pac. 1077); *Naylor* v. *McColloch,* 54 Or. 305, 315 (103 Pac. 68); *Henderson* v. *Reynolds,* 57 Or. 186 (110 Pac. 979); *Wells* v. *Great Northern Ry. Co.,* 59 Or. 165, 175 (114 Pac. 92, 116 Pac. 1070, 34 L. R. A. (N. S.) 818, 825); *Clackamas Southern Ry. Co.* v. *Vick,* 72 Or. 580 (144 Pac. 84); *Columbia R. I. Co.* v. *Alameda L. Co.,* 87 Or. 277, 291 (168 Pac. 64, 440).

The courts of the different jurisdictions are agreed upon the functions to be performed by a special verdict; but the precedents are not entirely harmonious when deciding whether given language found in a special verdict operates as a complete performance of those functions. In two states, notably California and Minnesota, it has been repeatedly held that an *omnibus* finding to the effect that all the allegations of a complaint are true is sufficient, even though such finding stands alone and is unaided by any other statement of fact: *McEwen* v. *Johnson,* 7 Cal. 258; *Johnson* v. *Klein,* 70 Cal. 186 (11 Pac. 606); *Williams* v. *Hall,* 79 Cal. 606 (21 Pac. 965); *Moody* v. *Tschabold,* 52 Minn. 51 (53 N. W. 1023); *Scott County School Dist. No. 73* v. *Wrabeck,* 31 Minn. 77 (16 N. W. 493); *Norton* v. *Wilkes,* 93 Minn. 411 (101 N. W. 619). But it is interesting to note that in both those jurisdictions the courts have on more than one occasion said that the practice of employing only a blanket finding is not to be commended: *Davis* v. *Drew,* 58 Cal. 152, 157; *Heintz* v. *Cooper,* 104 Cal. 668 (47 Pac. 360); *Greve* v. *Echo Oil Co.,* 8 Cal. App. 278, 283 (96 Pac. 904); *Brown* v. *Roberts,* 90 Minn. 314, 317 (96 N. W. 793). Following the lead of *McEwan* v. *Johnson,* 7 Cal. 258, this court in *McFadden* v. *Friendly,* 9 Or. 222, 224, decided that an *omnibus* finding was alone sufficient to support a verdict. It is quite clear, from a reading of the opinion in

*McFadden* v. *Friendly,* that this court intended to announce and follow the rule that had been previously laid down in *McEwan* v. *Johnson,* 7 Cal. 258.   It is likewise obvious, from a reading of the opinion in *Drainage Dist. No. 4* v. *Crow,* 20 Or. 535 (26 Pac. 845), that when the court overruled *McFadden* v. *Friendly* "so far as the same conflicts with this opinion" it intended to hold that an *omnibus* finding, like the one presented by this appeal, when unaided by any additional statement of facts is insufficient to sustain a judgment, for the reason that such a finding is the equivalent of and in effect not different from a general verdict.   The question of the sufficiency of an *omnibus* finding was squarely presented in *Bard* v. *Kleeb,* 1 Wash. 370, 373, 376 (25 Pac. 467, 27 Pac. 273), and it was there held that such a finding was inadequate.   As said in *Drainage Dist. No. 4* v. *Crow,* 20 Or. 535, 536 (26 Pac. 845, 846), and as reiterated in *Darling* v. *Miles,* 57 Or. 593, 597 (111 Pac. 702, 783, 112 Pac. 1084), the object of the statute "was to enable the parties to have placed upon the record the facts upon which the right litigated depends as well as the conclusion of law."   The question of the sufficiency of the finding presented by this record is not *res integra,* for the ruling in *Drainage District No. 4* v. *Crow* has become *stare decisis* and the court should be slow to overturn that ruling because: (1) it expressly set aside a contrary holding; and (2) it indubitably accomplishes, in the manner and form originally prescribed, the purposes for which special verdicts were designed.   Moreover the conclusion reached in *Drainage District No. 4* v. *Crow* is in harmony with the reasoning employed in the following precedents: *Bailey* v. *Wilson,* 29 Mo. 21; *Fanning* v. *Murphy,* 126 Wis. 538, (105 N. W. 1056, 110

Am. St. Rep 946, 5 Ann. Cas. 435, 4 L. R. A. (N. S.) 666); *Farmer* v. *St. Croix Power Co.,* 117 Wis. 76, 81 (93 N. W. 830, 98 Am. St. Rep. 914); *Eisemann* v. *Swan,* 6 Bosw. (19 N. Y. Super. Ct.) 668, 672; *Ellis* v. *Lane,* 85 Pa. St. 265, 266; *Briere* v. *Taylor,* 126 Wis. 347, 353 (105 N. W. 817); *United States* v. *Sioux City Stock Yards Co.,* 167 Fed. 126, 127 (92 C. C. A. 578); *Anglo-American Land, M. & A. Co.* v. *Lombard,* 132 Fed. 721, 733 (68 C. C. A. 89). In a word, a special verdict must contain a statement of all the ultimate and constitutive facts essential to support the judgment. When the court tries an action without the aid of a jury it is necessary, as stated by Mr. Justice MOORE in *Moody* v. *Richards,* 29 Or. 282, 286 (45 Pac. 777, 778), "that the court should find and state the facts consti-tuting the primary right of action or defense, the cor-responding duty and breach thereof, and the injury re-sulting therefrom, and, as a conclusion deducible from the facts so found, the law applicable thereto."

5. On the authority of *Drainage District No. 4* v. *Crow,* the "findings of fact" presented by this appeal must be treated as nothing more than the equivalent of a general verdict and cannot be deemed a decision stat-ing "the facts found," as required by Section 158, L. O. L.

6. The plaintiff argues that the defendant cannot complain of the finding made by the court for the rea-son that no request was made for any findings. It was the absolute duty of the court to make findings of fact upon all the material issues presented by the pleadings and neither party was required to request the court to make such findings: *Moody* v. *Richards,* 29 Or. 282, 287 (45 Pac. 777); *Breding* v. *Williams,* 33 Or. 391, 393 (54 Pac. 206).

The judgment appealed from is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

McBRIDE, C. J., and BURNETT and BENSON, JJ., concur.