## M. M. FULLER v. C. W. MILLER.

CHAIRMAN OF COUNTY BOARD; *Term of Office.* The chairman of the
board of county commissioners holds his office from the day of his elec-
tion until the second Monday of January next after his election to that
office.

### Original Proceedings in Quo Warranto.

ACTION brought in this court by *Fuller* against *Miller*, to
determine which of these opposing parties legally holds the
office of chairman of the board of county commissioners of
Ellis county. The agreed statement of facts is contained in
the opinion, filed at the session of the court in June, 1884.

*J. C. Leahy,* for relator.

*Rathbone & Rooks,* for defendant.

The opinion of the court was delivered by

HURD, J.: The agreed statement of facts shows as follows:

"*First,* That the relator was elected county commissioner
for the first district of Ellis county in November, 1881, for
the full term of three years; that he qualified as such com-
missioner, and has ever since been acting, and his term of
office will continue until January, 1885.

"*Second,* That on the 9th day of January, 1883, he was
elected chairman of the board of county commissioners, at
which time he had two years of his term as county commis-
sioner yet to serve; that at the time of said election there was
a vacancy in the chairmanship of such board, caused by the
expiration of the term of office of D. C. Arnold, as county
commissioner, who had been the former chairman; that the
relator entered upon and performed the duties of chairman
from the time of his election until January, 1884, and that
he has not resigned nor been removed by impeachment or
judgment of a court.

"*Third,* That at the general election in November, 1882, the
defendant was elected county commissioner for the second
district of said county for the full term of three years; that
he qualified, and has ever since been acting as county commis-
sioner for said second district of Ellis county.

"*Fourth,* That at the general election held in November, 1883, Jacob Karlin was elected county commissioner for the third district of Ellis county for the term of three years; that he qualified, and has ever since been acting as such commissioner.

"*Fifth,* That on the 14th day of January, 1884, it being the second Monday in January succeeding the election of Karlin, the defendant, the relator and said Karlin, met in regular session as a board of county commissioners of the said county, Henry Oshaut, county clerk, being also present; that the defendant was then and there elected chairman of the board of county commissioners, he receiving the votes of himself and Karlin; that plaintiff refused to take any part in the election, or put the motion for the election, but then and there entered his protest against the election of the chairman, claiming that his term of office as chairman did not expire until January, 1885; that defendant assumed the duties of the office of chairman, presided at that meeting, and has since presided at all the meetings of said board, and performed all and singular the duties of said office; that the plaintiff, on the —— day of ——, 1884, filed his protest against the defendant attempting to perform the duties of chairman.

"*Sixth,* That the plaintiff has attended and taken part in all the meetings of the board since the defendant was chosen chairman; that he has proposed and seconded motions that were put and voted by the defendant, as chairman; that he has received county scrip signed by the defendant, as chairman, for his services as a member of said board; that he has made no effort to discharge the duties of chairman, except to call a special meeting when requested to do so in writing by Karlin, commissioner, and defendant, at the same time a call being likewise issued by the defendant for a like special meeting, upon being requested in writing so to do by commissioner Karlin and himself; that Karlin refused to recognize the plaintiff as chairman, but did recognize the defendant as chairman of the board.

*Seventh,* That the relator has never demanded of the defendant the right to exercise the duties of the office of chairman, except by J. C. Leahy, as attorney, who asked defendant on the day of his election not to act as chairman until after legal advice of the attorney general could be had in the premises, to which defendant replied that the relator would not be allowed to act as chairman until the supreme court ordered it, which fact was communicated to the plaintiff by his attorney;

that at the time of such conversation, J. C. Leahy was the county attorney of said county, and does not know whether he notified defendant that he was acting as attorney in this matter for the plaintiff, defendant's recollection being that he did not so notify him, and it is agreed that defendant was not notified."

The question to be decided is, which of these opposing parties legally holds the office of chairman of the board of county commissioners of Ellis county.

The relator claims that § 3 of article 9 of the constitution as amended in 1876, provides for but one organization of the board of county commissioners of any county, and that that organization must be on the second Monday of January after the first election provided for by the amendment, or within thirty days thereafter; that the chairman then elected was entitled to hold the office for his whole term as commissioner, and when his term as commissioner expired, the office of chairman was vacant and the commissioners filled the vacancy by electing another chairman, and the new chairman would hold office until his term expired, when there would again be a vacancy to be filled as before; that as he (relator) was elected chairman in January, 1883, and holds his office as commissioner until January, 1885, he is entitled to the office of chairman until that time. By this construction, if the term of the office of a commissioner was one year, and he was elected chairman, then his term of office as chairman was one year; but if his term of office as commissioner was three years, then the term of his office as chairman was three years.

We cannot assent to this construction of the constitution and the statutes.

The only law in force when amended § 3 of article 9 of the constitution took effect, relative to the organization of boards of county commissioners, and the election of a chairman, was § 1 of chapter 107 of the Laws of 1872, amending § 26 of chapter 25 of the General Statutes of 1868, which is in these words :

"SECTION 1. That section twenty-six of the act to which this act is amendatory be amended so as to read as follows:

Section 26. That it shall be the duty of the board of county commissioners to meet on the second Monday in January succeeding their election, or within thirty days thereafter, and organize by electing one of their number chairman, who shall preside at that meeting, and at all other meetings during his term of office, if present; but in case of his absence, a temporary chairman may be elected from the members present; and in the case of the death or resignation of the chairman of the board, they may, at any regular or special meeting after such vacancy, elect one of their number chairman to fill the vacancy."

That section has not been repealed, unless amended § 3 of the constitution repeals it, and is retained in the statutes as § 26, chapter 25, Compiled Laws of 1879. If this section is not in force, there is no statute providing for the commencement of the term of office of a commissioner, the organization of a board, or election of a chairman.

Prior to the time when amended § 3 was adopted, a county commissioner held his office for the term of two years, *and until his successor was elected and qualified,* (sec. 3, art. 9, Const.;) but by § 3 as amended, his term of office and right to perform the duties of the office of commissioner expires at the end of three years.

The solution of the question before us requires the construction of § 26 of chapter 25 of the Compiled Laws, in connection with amended § 3, art. 9 of the constitution. We think that § 26, construed in connection with amended § 3, means, that on the second Monday of January after each general election at which a commissioner has been elected, the board, as a body corporate, is dissolved, and the office of chairman is vacant, and before the commissioners can transact any county business, other than to elect a chairman, or fill a vacancy in the office of a commissioner, the board must be again organized, and such organization is effected and the board an organized body for the purposes of its creation as soon as the commissioners elect a chairman.

By this construction the sections of the constitution and statute under consideration are in harmony. Then it follows

that a chairman is to be elected in each year on the second Monday of January, or within thirty days thereafter, and will hold his office until the ensuing second Monday of January, and that the term of office of the chairman of a board of county commissioners is from the day of his election to that office until the next ensuing second Monday of January. The relator, who was elected chairman on the second Monday of January, 1883, ceased to be the chairman on the second Monday of January, 1884, and the defendant, who was elected chairman on the second Monday of January, 1884, is now the chairman, and entitled to hold the office until the second Monday of January, 1885.

Our conclusions are, and the judgment of this court is, that the relator, M. M. Fuller, does not hold and is not entitled to hold the office of chairman of the board of county commissioners of the county of Ellis, and that the defendant, Charles W. Miller, now holds that office, and is entitled to hold it until the second Monday of January, 1885.

All the Justices concurring.