ALVAH SHELDEN v. THE BOARD OF COMMISSIONERS OF BUTLER COUNTY *et al.*

1. COUNTY BOARD — *Power to Bind Successors — County Printing.* The boards of county commissioners of the several counties of the state have exclusive control of the expenditures accruing, either in the publication of delinquent tax lists, treasurers' notices, or other county printing, and, in pursuance of this power, have authority to designate the official newspapers of their respective counties, but such designation cannot continue for a longer period than one year, or so as to bind or tie the hands of their successors in office.

2. ———— *Official Newspaper of County.* On the second Monday of January after each general election at which a commissioner has been elected, the board of county commissioners as an organized body is dissolved, and the office of chairman is vacant, and, before the commissioners can transact any county business other than to elect a chairman, or fill a vacancy in the office of a commissioner, the board must be again organized, and the hands of such new board or organization, as to the designation of the official newspaper of the county, are not tied by a prior order of the preceding board of county commissioners.

*Original Proceeding in Mandamus.*

THE case is fully stated in the opinion, filed April 9, 1892.

*Aikman & Brooks,* and *Redden & Schumacher,* for plaintiff.
*Shinn & Knowles,* and *George Gardner,* for defendants.

The opinion of the court was delivered by

HORTON, C. J.: On and prior to the 9th day of January, 1889, and at this time, Alvah Shelden was and is the publisher of the *Walnut Valley Times*, a weekly newspaper printed and published in El Dorado, in Butler county, in this state, and having general circulation therein. On the 9th day of January, 1889, the board of county commissioners of Butler county — then composed of J. K. Skinner, B. H. Fox, and A. O. Rathburn, the last named being the chairman of the board — at a regular session, designated the *Walnut Valley Times* as the official paper of Butler county, and directed that the county printing for the next two years be given to that paper, commencing on the 10th of January, 1891, and ending on the 1st of January, 1893. Subsequently, a written contract was entered into between the board and Alvah Shelden, the publisher of the *Walnut Valley Times*. At the time of the execution of the contract, Shelden made to the state of Kansas a bond in the sum of $500, conditioned for the faithful performance of his duties devolving upon him as county printer, which was approved and accepted by the board and filed with the county clerk. Shelden continued to do the county printing, under the terms of the contract, until the 26th of January, 1892, when the board of county commissioners — then composed of B. H. Fox, John Ellis, and H. M. Brewer, the first named being the chairman — designated by a majority vote the *Industrial Advocate* as the official newspaper of Butler county. On February 8, 1892, the order of the board was spread upon the journal by the county clerk. The publisher of the *Industrial Advocate* entered into a contract with the board for the county printing, and executed a bond which was approved by the board. Since the 8th day of February, 1892, the board of county commissioners has refused to recognize the *Walnut Valley Times* as the official paper of Butler county, and has directed the county clerk to notify Shelden, the publisher of the *Watnut Valley Times*, that the *Industrial Advocate* had been designated as the official paper of Butler county un-

til the further order of the board. Shelden objected to this, and demanded that he be permitted to do all the county prining of Butler county. This has been refused. On the 15th day of February, 1892, Shelden commenced this proceeding in this court for a peremptory writ of *mandamus* to compel the board of county commissioners of Butler county, and the clerk thereof, to allow him, as the owner and publisher of the *Walnut Valley Times*, to do all the county printing, job work, etc., until January 1, 1893.

The principal question in the case is whether a board of county commissioners may designate an official newspaper of the county for a term of two or more years. On the part of the plaintiff it is alleged that this may be done, and on the part of the defendants this is denied. Paragraph 1655, Gen. Stat. of 1889, provides that " the boards of county commissioners of the several counties of this state shall have exclusive control of all expenditures accruing, either in the publication of delinquent tax lists, treasurers' notices, or county printing." Under this section, the boards of county commissioners of the several counties have the legal right to designate the paper in which the delinquent tax lists shall appear. (Gen. Stat. of 1889, ¶ 1710; *Wren v. Comm'rs of Nemaha Co.*, 24 Kas. 301.) When a paper is designated by a board of county commissioners, it becomes the official newspaper of the county. In *Fuller v. Miller*, 32 Kas. 130, it was said:

" We think § 26, construed in connection with amended § 3, means, that on the second Monday of January after each general election at which a commissioner has been elected the board, as an organized body, is dissolved, and the office of chairman is vacant, and before the commissioners can transact any county business, other than to elect a chairman, or fill a vacancy in the office of a commissioner, the board must be again organized, and such organization is effected and the board an organized body for the purposes of its creation as soon as the commissioners elect a chairman. By this construction, the sections of the constitution and statute under consideration are in harmony. Then it follows that a chairman is to be elected in each year, on the second Monday of

January, or within thirty days thereafter, and will hold his office until the ensuing second Monday of January, and that the term of office of the chairman of a board of county commissioners is from the day of his election to that office until the next ensuing second Monday of January."

As the legislature has provided that the boards of county commissioners of the several counties of the state shall have exclusive control to designate a paper and to control the county printing, this, of course, means that the board of county commissioners of each county has that power; therefore, as the board of county commissioners of a county, after one year, is dissolved as an organized body, such board ought not to have the control of the county printing after one year, or for an indefinite term of years.    Each board of county commissioners of each county has authority and responsibility in designating the official newspaper of the county, and as a necessary result in providing for the county printing.    If the board of county commissioners of a county could tie the hands of a subsequent board in designating the official newspaper and in contracting for county printing, it might tie the hands of subsequent boards for several years—at least, for what would be a reasonable time; and it would be difficult to determine what, under all the circumstances of the case, would be a reasonable time.    It follows logically that the board of· county commissioners of a county must be limited to one year, or until the body is dissolved, or else its power is unlimited in this respect, and it may designate a paper as the official newspaper of the county for two, three or more years—at least, for a reasonable time, which is almost indefinite. (See *National Bank v. Peck*, 43 Kas. 643; *National Bank v. Comm'rs of Barber Co.*, 43 id. 648.)

It appears from the pleadings in this case that it has been the practice in Butler county for a newspaper to be designated by the board of county commissioners of that county as the official paper for the period of two years, and therefore, in this case, the board of county commissioners in 1891 followed the usual practice in designating an official newspaper.    It is the

practice, however, in most of the counties of the state for the boards of county commissioners to designate the official newspapers of the counties for the period of one year only. The latter practice seems to us to conform to the constitution and statutes of the state. To avoid complications or other troubles, the designation of the official newspaper should be made as early in each January, after the board is organized, as is convenient for action to be had.

The peremptory writ will be denied, with costs.

All the Justices concurring.