## MICHAEL MANLEY v. HUGH R. SCOTT.[1]

June 4, 1909.

Nos. 16,237—(207).

**Board of County Commissioners.**

    The board of county commissioners of Hennepin county is a continuing

[1] Reported in 121 N. W. 628.

body, and its existence is not affected by the election of new members, and the election of a chairman and vice chairman at the first session in each year.

### Same — Power to Contract.

Such board has power to employ a morgue keeper and to enter into a contract with him to perform the services required for a period of one year, during which time he may only be discharged for causes which will justify the county in refusing to carry out the contract.

### Employment of Morgue Keeper.

The board may, on the last day of the year, employ a morgue keeper for a period of one year therefrom, regardless of the fact that two new members of the board, who were elected at the November election preceding, will qualify and enter upon their duties soon after the first of the year. Such contract, being reasonable and not contrary to public policy, cannot legally be rescinded without cause after such new members have qualified.

Proceeding in the district court for Hennepin county against the county auditor of that county, under the provisions of R. L. 1905, § 4286, providing for the submission of a controversy without action, in which J. S. Shaffer appeared as intervener. The matter was heard before Donahue, J., who found that the appointment of Shaffer for the year 1909 as keeper of the morgue of Hennepin county was illegal and void; that the resolution of the new board in January, 1909, rescinding and canceling the contract appointing him by the old board was legal and binding, the appointment of Michael Manley by the new board was regular and lawful, and that plaintiff had been duly and legally appointed keeper of the morgue and was entitled to receive the salary fixed upon at the date of his appointment from January 15, 1909, and ordered judgment accordingly. From the judgment entered pursuant to this order, the intervener appealed. Reversed and remanded.

*Freeman P. Lane,* for appellant.

*F. H. Boardman,* for respondent Manley.

*Elmer W. Gray, Assistant County Attorney,* for respondent Scott.

ELLIOTT, J.

In this proceeding it was sought to determine whether Michael Manley or J. S. Shaffer is entitled to perform the services and receive compensation as morgue keeper of Hennepin county during the year

of 1909. The controversy was submitted to the district court upon agreed facts, as authorized by section 4286 of the Revised Laws of 1905, and Shaffer appealed to this court from a judgment entered in favor of Manley.

The facts may be stated very briefly. At midnight on December 31, 1908, the terms of two of the five members of the board of county commissioners of Hennepin county expired. On that day, before the expiration of the term of office of these two members, J. S. Shaffer, who had previously been employed, was appointed and re-employed as morgue keeper of the county for the year 1909, and the contract with him was reduced to writing and duly executed by him and by the chairman of the board on behalf of the board. At the November election of 1908 two new county commissioners had been elected, and when they took office, soon after the first of January, the board elected a new chairman and vice chairman, as required by the statute. Immediately thereafter the board attempted to rescind the contract with Shaffer, and to make a new contract with Manley, by which he was employed as morgue keeper for the year 1909.

The question is whether the contract made with Shaffer on December 31 is valid and binding, so as to preclude the board, as constituted after January 4, 1909, from rescinding it and employing Manley; or, stating the question somewhat more abstractly, has the board of county commissioners the power to make a contract with an employee which extends beyond the expiration of the terms of office of certain members of the board.

While there is some apparent conflict in the authorities, it is reasonably clear that the weight of authority is to the effect that the board has such power. It was expressly so held in Board v. Shields, 130 Ind. 6, 29 N. E. 385; Webb v. County, 9 Wash. 103, 37 Pac. 282; Picket v. Board, 36 Mont. 188, 92 Pac. 524, 13 L. R. A. (N. S.) 1115, 122 Am. St. 352, and Liggett v. Board, 6 Colo. App. 269, 40 Pac. 475. A somewhat different conclusion was reached in First v. Peck, 43 Kan. 643, 23 Pac. 1077; Shelden v. Board, 48 Kan. 356, 29 Pac. 759, 16 L. R. A. 257; Millikin v. County, 142 Ill. 528, 32 N. E. 493, 18 L. R. A. 447; Board v. Taylor, 123 Ind. 148, 23 N. E. 752, 7 L. R. A. 160; Layton v. State, 28 N. J. L. 575; State v. Platner, 43

Iowa, 140, and Vacheron v. City, 34 Misc. 420, 69 N. Y. Supp. 608; but, when carefully examined, these cases will be found not to militate against the rule above stated. In Millikin v. County, supra, it was held that a contract for the employment of a keeper of a county poorhouse for a period of three years was not within the power of a board of supervisors, each of whom was elected for one year only. In Board v. Taylor, supra, it was held, two judges dissenting, that a contract by which a board of county commissioners attempted to employ a legal adviser for a time extending beyond a date when all the members of the board as constituted would retire, unless re-elected, was invalid. But the subsequent case of Board v. Shields, supra, deprives this case of much of its value as an authority, except as applied to employees who stand in a confidential or personal relation to the board.

Shelden v. Board, supra, and Board v. Smith, 50 Kan. 350, 32 Pac. 30, hold that county commissioners cannot designate an official newspaper and contract for the county printing for more than one year. Under the statute in force, the board of county commissioners went out of existence at the end of the year, and it was very reasonable to infer that the legislature did not intend that the new board should be deprived of its right of control over such expenditures. The same rule was applied in First v. Peck, supra, where the outgoing board attempted to designate the depository of public funds. State v. Layton, 28 N. J. L. 244, merely held that the board of chosen freeholders had no power to make a contract which placed the workhouse and its inmates beyond their control and under the entire management and control of another party. The keeper of the workhouse was said to be the mere agent of the board in the management of the workhouse and the power of removal should remain in the board to be exercised at its discretion. Vacheron v. City, supra, held that a board of supervisors had no power to make a contract for the control of the highways extending beyond the date when by the terms of its charter the entire control of such highways passed from the board to the city of New York.

These cases all rest upon the ground either that the particular contract under consideration was beyond the power of any board to make, or that it extended beyond the time when the particular board would

go out of existence, and was against public policy because it deprived the succeeding board of the power to perform the duties which were imposed upon it by law. That doctrine, even if sound, would not control the present case, because the board of county commissioners of Hennepin county is a continuing body, and the election of new commissioners has no other legal effect than to partially change the personnel of the body.

In Board v. Shields, supra, the following pertinent language was used: "It is insisted, however, that this contract is void upon other grounds,—that it is in contravention of public policy, for the reason that to uphold it would put it in the power of one board of commissioners to bind the hands of its successors, and that it operates as an unwarranted abridgement of the 'administrative, executive and legislative' powers of the board. The first of the reasons assigned rests upon an erroneous conception of the constitution of the board of county commissioners—that that body consists of a series or succession of boards, one following the other. As we have heretofore said, the board of commissioners is a corporation, representing the county. From a legal stand-point it is the county. * * * It is a continuous body. While the personnel of its membership changes, the corporation continues unchanged. It has power to contract. Its contracts are the contracts of the board, and not of its members. An essential characteristic of a valid contract is, that it is mutually binding upon the parties to it. A contract by a board of commissioners, the duration of which extends beyond the term of service of its then members, is not, therefore, invalid for that reason."

A very similar question was presented in Webb v. County, supra, and it was held that where the county commissioners had employed a physician for the term of one year to attend the poor of the county, and he had accepted the employment and had entered upon the discharge of his duties, the contract would not be rescinded by the county, although it extended beyond the terms of office of the commissioners making it. Liggett v. Board, supra, held that, where county commissioners were authorized to act with reference to any particular matter, they might make a contract with reference thereto, the performance of some part of which would not be possible until after the

expiration of the terms of the officers who entered into the agreement —citing Wait v. Ray, 67 N. Y. 36, and other cases. In Picket v. Board, supra, it was held that, under a statute which authorized a board to contract for county printing for a term not exceeding two years, the board had power to enter into a two-year contract, although the time extended beyond the term of office of the contracting board and into the term of their successors. See a note in this case in 12 Am. & Eng. An. Cas. 988. This principle was also applied in Norton v. Wilkes, 93 Minn. 411, 101 N. W. 619, where it was held that a board of trustees of a school district may, prior to the regular annual election in July, employ a school teacher for the ensuing year and bind the district for the full period of five months.

The statute authorizes Hennepin county to provide and equip a public morgue, which shall be under the control of the board of county commissioners. No express provision is made for a morgue keeper; but the power to employ a suitable person for that purpose is inferable from the general powers of the board and the limitation contained in the provision that no person shall be employed in or about the morgue who is in any manner connected with or interested in the undertaking business. R. L. 1905, §§ 435, 436. The morgue keeper is an employee, and not a public officer. His selection and employment for a definite and reasonable term in no manner interferes with the proper discharge of the duties of the board of county commissioners, nor does it deprive the board of full power and proper control over the things and matters submitted to its care by the statutes. It is conceded that the person employed by the board on December 31, 1908, was and is a suitable person to perform the duties required to be performed by him. Having the power at that time to employ a morgue keeper, there is no implied limitation upon that power which restricts the possible term of employment to the time when any member or members of the board shall go out of office. The contract made in this instance was fair and reasonable, and no question of fraud or collusion is even suggested. Such being the facts, we can conceive of no principle of public policy which is violated by the contract in question. The contract being thus valid, the board, after

the new members qualified, had no power to revoke or rescind it without cause being shown.

The judgment of the trial court is therefore reversed, and the case remanded to the district court, with directions to proceed in accordance with the views expressed herein.