STATE ex rel. HENRY W. FORRER v. HUGH T. McINTOSH.[1]

July 30, 1909.

Nos. 16,091—(32).

**Official Year.**
> The official year commences on the first Monday of January, at which time all terms of office terminate. Section 9, art. 7, state constitution; State v. Frizzell, 31 Minn. 460; State v. O'Leary, 64 Minn. 207.

[1]Reported in 122 N. W. 462.

**Same — Beginning of Year.**

The law does not recognize fractions of a day, and the official year begins with the beginning of the day, twelve o'clock midnight.

**Officers — Reasonable Opportunity to Qualify.**

But the constitution contemplates that the new officers shall have reasonable opportunity to qualify and assume the duties of office after the opening of business hours on that day, and in case of necessity may qualify at any time during the day.

**Jurisdiction of Outgoing Officers.**

Strictly speaking, outgoing officers do not pass out of office until the close of the first day of the official year, unless their successors qualify at some time during the day; but such holding-over officers, pending the qualification of the new officials, are limited in jurisdiction on that day to the closing up of old business and to matters of necessity.

**Same — Incoming Officials.**

All business which naturally belongs to the first day of the official year is within the jurisdiction of the incoming officials, although there may be some delay during the day in qualifying and assuming official duties.

**Appointment of Sheriff.**

In 1907 a board of county commissioners was appointed by the proclamation of the Governor, and on the ninth of November, 1908, such board appointed respondent to fill the vacancy in the office of sheriff occasioned by the death of P. A. Walsh. At 1:30 o'clock p. m. on Monday, the fourth day of January, 1909, the then remaining three members of said board appointed respondent to fill the vacancy in the office of sheriff for the term of two years commencing on the fourth day of January, 1909, to which Mr. Walsh had been elected at the November election, 1908. *Held*, the term of office of respondent, by virtue of his appointment in November, 1908, did not terminate on January 4, 1909, until the successor of Mr. Walsh for the two-year term was appointed and had qualified. The appointment of such successor to Mr. Walsh for the two-year term was new business arising and naturally pertaining to the first day of the official year, and the outgoing board was without authority on that day to appoint respondent to fill such office. Relator, having been duly appointed as such successor by the new board of county commissioners, and having duly qualified as such official, is entitled to the office.

Information by the attorney general on behalf of Henry W. Forrer for a writ of quo warranto directed to Hugh T. McIntosh to show cause by what authority he claimed to act as sheriff of the county of Koochiching. On the return day of the writ the respondent filed his answer, certain facts were stipulated and a referee was appointed to take testimony, which was returned to this court. Writ of ouster.

*George T. Simpson,* Attorney General, *M. A. Spooner, F. J. Mc-Partlin,* and *J. C. Chamberlin,* for relator.

*George H. Spear* and *Spear & Stone,* for respondent.

LEWIS, J.

By the Governor's proclamation (Laws 1907, p. iii) Ronald S. McDonald, Nels L. Olson, Fred Smith, Charles M. Bowman, and Hugh T. McIntosh were appointed to constitute the first board of county commissioners of Koochiching county. P. A. Walsh was the sheriff of the county during 1907, and at the general election held November 3, 1908, was elected for the term commencing on the fourth day of January, 1909; but he died November 4, 1908. Respondent, McIntosh, resigned his office as county commissioner on November 6, 1908, and on November 9, 1908, the remaining members of the board appointed him sheriff to "fill the vacancy in said office caused by the death of the said P. A. Walsh, for the remainder of the unexpired term of said P. A. Walsh, deceased, and until his successor qualify." Thereupon Mr. McIntosh executed a bond and entered upon the performance of the duties of the office.

On the first Monday in January, 1909 (January 4), R. S. McDonald, Nels L. Olson, and Fred Smith, the then remaining members of the board, held a special meeting at 1:30 o'clock p. m. in the county auditor's office, and appointed Mr. McIntosh sheriff for the term of two years, from the first Monday in January, 1909, until the first Monday in January, 1911, to fill the vacancy caused by the death of Mr. Walsh. Respondent was then present, and executed a bond, and took the oath of office. The bond was filed at 1:30 p. m. January 4, 1909, but was not approved. Immediately after this act the board of commissioners, consisting of new members who had been elected at the November, 1908, election, qualified and entered upon their term of office, and at 4 o'clock p. m. January 4, 1909, held their first meeting. On January 5, 1909, the new board held its second meeting, and, on motion, laid the bond of respondent on the table without action. The new board held a special meeting, upon notice, on January 27, at which time they appointed the relator, Henry W. Forrer, as sheriff to fill the vacancy caused by the death of P. A. Walsh. For-

rer's bond was duly filed and approved, and this action was brought on the relation of Forrer to test the validity of the appointment of respondent McIntosh.

The important question is: Did the old board have authority to fill the vacancy for the ensuing two years caused by the death of Mr. Walsh? By section 9, art. 7, of the state constitution, the official year commences on the first Monday of January, at which time all terms of office terminate. State v. Frizzell, 31 Minn. 460, 18 N. W. 316. In that case, however, there was no occasion to consider whether the official year commenced at any particular time of the day. The statute, following the constitution, defines the term of office as follows: "The term of office of every state and county officer shall begin on the first Monday in January next succeeding his election, unless otherwise provided by law." R. L. 1905, § 155. The statute does not provide that county commissioners shall hold office until their successors are elected and qualified[2]; but section 546, R. L. 1905, provides that a sheriff shall hold office for two years and until his successor is elected and has qualified. Notwithstanding the constitutional provision that the official year commences, and all terms of office terminate, on the first Monday in January, it seems to have been generally the impression that outgoing officers are entitled to hold over after the first Monday in January and until such time as their successors qualify. Such would no doubt be the rule, in the absence of constitutional restrictions. But, when the constitution fixes the day upon which the official term shall begin, there is no legislative authority to continue the office beyond that period, even though the successor fails to qualify within the time. State v. O'Leary, 64 Minn. 207, 66 N. W. 264. The day begins at twelve o'clock midnight, and the law does not recognize fractions of a day. State v. Brown, 22 Minn. 482; note in State v. Michel, 78 Am. St. 364.

It is fair to assume, however, that it was not intended by the framers of the constitution that the change in office should take place at twelve o'clock midnight. The incoming officers should have a seasonable and reasonable time at the beginning of the business portion of the first official day in which to qualify and assume their duties.

[2]See opinion on page 23, infra.

Some unforeseen circumstance might delay the opportunity to qualify until the latter part of the day; but that fact could not result in depriving that day of the prestige accorded to it by the constitution. It is fairly to be inferred from the language of the section that, although the whole of the day belongs to the new official year, yet for convenience, and to prevent an interregnum, the qualification of the new officer may take place at a convenient hour, according to the exigencies of the case. If any business at all be transacted on that day by the outgoing board prior to the qualification of the new members, it should be confined to the closing up of pending matters, or to matters of necessity. All business which naturally pertains to the new official year is within the jurisdiction of the incoming board.

Although the new members of the board did not qualify until after 1:30 o'clock p. m. January 4, it does not follow that the old board were vested with authority in the meantime during that day to transact business which properly arose on the first day of the official year. There was no vacancy in the office of sheriff at 1:30 o'clock p. m. True, if Mr Walsh had been living and had qualified during the morning of that day, then by virtue of such act his official year would have commenced and the old term would have expired; but the then incumbent was entitled to hold by virtue of his appointment until such time during the day as the successor was appointed and qualified. No vacancy existed in the office of sheriff at 1:30 p. m., and could not exist during the day until the two-year vacancy was filled. The old board attempted to create a vacancy by appointing respondent, but the act was an unwarranted assumption of authority. We are aware that as a general rule a board with continuing power has authority to anticipate the future and make appointments to take effect in the future; but such authority exists only where the vacancy occurs at a time when the board as then constituted is still vested with full legal authority, and we know of no case which holds that outgoing officers may encroach upon the first day of the official year for the purpose of tying the hands of their successors in this manner. In the recent case of Manley v. Scott, 108 Minn. 142, 121 N. W. 628, the term of office of two of the five members of the board of commissioners of Hennepin county expired on the fourth of January, at which time they were succeeded by two new members elected at the preceding

election, and it was held that the so-called old board had authority on the thirty-first day of December to appoint a morgue keeper for the year to commence on the first day of January, the term of his prior appointment expiring on that day; but the case has no application here.

On the admitted facts before us, no vacancy existed on the fourth day of January which the outgoing board could legitimately fill, and hence their act in appointing respondent for the ensuing two years was futile, and the relator, having been legally appointed and having qualified, is entitled to the relief prayed for.

Let writ of ouster issue.

On August 18, 1909, the following opinion was filed:

PER CURIAM.

The petition for reargument calls attention to the statement in the opinion that the statute does not provide that county commissioners shall hold office until their successors are elected and qualified. R. L. 1905, § 419, does so provide, but was overlooked in writing the opinion. This inadvertence however is of no importance as the statute is ineffective.

We discover no substantial reason for reargument and the petition is denied.