# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

STATE EX REL. LYNDON A. SMITH v. BERGIT BILLBERG.[1]

October 15, 1915.

Nos. 19,400—(27).

**Election contest — vacancy in office.**

A person was duly elected to the office of county superintendent of schools. The opposing candidate, being the incumbent of the office, instituted a contest on the ground that the successful candidate had violated the Corrupt Practices Act. The contestant made no claim of having been elected. Judgment was for contestee in the district court. The contestant surrendered the office, the contestee qualified and assumed its duties. Upon the contestant's appeal judgment of ouster was directed to be entered against contestee. He thereupon resigned and respondent was appointed to fill the vacancy. It is held that a vacancy existed which authorized the appointment of respondent.

Upon the information of the attorney general, this court granted its writ of *quo warranto* requiring the respondent Bergit Billberg to show by what warrant she assumed to hold the office of county superintendent of schools in Roseau county. Dismissed.

*Charles Loring* and *G. A. Youngquist,* for relator.
*W. E. Rowe* and *M. J. Hegland,* for respondent.

[1] Reported in 154 N. W. 442.

Note.—Effect of failure of person elected to qualify to create vacancy, see note in 50 L.R.A.(N.S.) 374.

131 M.—1.

HOLT, J.

By this *quo warranto* proceeding the respondent's right to occupy the office of superintendent of schools in Roseau county is challenged. These appear to be the facts: At the general election in November, 1914, Anna Connelly Olsen and Eddy E. Billberg were opposing candidates for the office of superintendent of schools of said county for the four year term beginning the first Monday of January, 1915. At the time of election Anna Connelly Olsen was the incumbent of the office. Eddy E. Billberg received a majority of the votes, and was duly declared elected. Mrs. Olsen contested the election of Mr. Billberg, upon the ground that he had violated section 573, G. S. 1913, of the Corrupt Practices Act, but she made no claim that she had been elected to the office. The trial court held the violation which Mr. Billberg had been guilty of not so deliberate, serious and material that the penalty of loss of office should be imposed. Pending the appeal to this court, and on January 4, 1915, Mrs. Olsen surrendered the office, Mr. Billberg assumed to qualify and entered upon the discharge of the duties of superintendent. On March 19, 1915, this court reversed the judgment of the district court (Olsen v. Billberg, 129 Minn. 160, 151 N. W. 550), and directed judgment of ouster to be entered against Mr. Billberg. Such judgment was entered in the court below April 6, 1915. After the decision of this court was announced, but before the judgment was entered in the district court, Mr. Billberg resigned, and thereupon on March 24, 1915, the board of county commissioners appointed the respondent to the office thus made vacant.

The relator contends that there was no vacancy for the board to fill. This claim is based on the proposition that Mr. Billberg's violation of the Corrupt Practices Act rendered his election null and void and equivalent to no election, consequently, it is argued, Mrs. Olsen held over under the provision of the statute that an elected officer holds over until the election and qualification of his successor. There is no question of respondent's due appointment and right to the office, provided a vacancy existed for the board of county commissioners to fill.

It seems to us that when Mr. Billberg, who held the certificate of election on January 4, 1915, qualified and, in addition thereto, Mrs. Olsen, making no claim to the office by election or otherwise, surrendered the key and records of the office to the proper authority, as

provided in chapter 146, p. 168, Laws 1913, and the same were delivered to Mr. Billberg, there was an actual change in the incumbency of the office. Mrs. Olsen's term of office then ceased, and nothing short of an election, appointment or adjudication of her election could restore the office to her. When Mr. Billberg's incumbency terminated by resignation, or otherwise, the office became vacant and authorized the board of county commissioners to fill it. G. S. 1913, § 687.

But furthermore, under the provision of section 9, article 7, of the Constitution, Mrs. Olsen's term of office did expire on the first Monday in January, 1915. The fact that the person who had been duly declared elected to succeed her was subsequently adjudged to have forfeited the right to retain the office did not again invest Mrs. Olsen with the right to the same. It became vacant. This was virtually decided in State v. O'Leary, 64 Minn. 207, 66 N. W. 264, and State v. McIntosh, 109 Minn. 18, 122 N. W. 462, 126 N. W. 1135. Relator relies on Taylor v. Sullivan, 45 Minn. 309, 47 N. W. 802, 11 L.R.A. 272, 22 Am. St. 729, but it is clear that the constitutional provision mentioned was not there suggested or considered.

Our conclusion is that the respondent is lawfully entitled to the office and it is ordered that this proceeding be dismissed.