BOARD OF COM'RS OF KINGFISHER COUNTY v. EADS.

No. 5174. Opinion Filed November 2. 1915.

(152 Pac 821.)

1. **ASYLUMS—Superintendent of Asylum for Poor—Appointment— Term of Office.** Where the statute provides for the appointment of a superintendent of the asylum for the poor for one year, the board of county commissioners is authorized to make such appointment for the term so designated, regardless of the fact that a portion of the term of office continues into the term of the succeeding board.

2. **SAME—Validity of Appointment.** Where a previous appointment of a superintendent of the asylum for the poor will not expire for several months after the expiration of the term of office of the board of county commissioners, an appointment, without any present necessity therefor, to commence in the future, and during the term of an incoming board, is prejudicial to the best interests of the public, and not authorized by law.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Kingfisher County;*
*James W. Steen, Judge.*

Action by the Board of County Commissioners of Kingfisher County against Stephen Eads. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*W. B. Blair,* for plaintiff in error.

*D. K. Cunningham,* for defendant in error.

Opinion by RITTENHOUSE, C. On February 6, 1912, the board of county commissioners of Kingfisher county, Okla., appointed Stephen Eads as superintendent of the asylum for the poor for the year ending March 1, 1913. On December 2, 1912, which was approximately 90 days before such term expired, the board of county com-

missioners met and employed Stephen Eads as superin-
tendent of the asylum for the poor for the term of one
year, commencing March 1, 1913, and ending the last day
of February, 1914, entering into a contract of employ-
ment, which contract commenced approximately 60 days
after the expiration of their term of office and continued
for one year thereafter. At the time of the appointment
and the execution of the contract under consideration,
the board was composed of W. O. Cunningham, J. A.
Lindsey, and J. C. Myers. Their term of office expired
on January 6, 1913. On that date a new board was
organized, composed of J. S. Patrick, Milton Duffy, and
C. M. Wilson. This action was instituted for the purpose
of having the order of December 2, 1912, appointing
Stephen Eads as superintendent of the said asylum, and
the contract based thereon, set aside and held for naught,
on the ground that no necessity existed for the appoint-
ment at such time, and that the best interests of King-
fisher county did not demand the appointment, and that
said appointment was not authorized by law. A demurrer
was sustained to the petition, on the ground that the
petition failed to state facts sufficient to constitute a cause
of action.

The only question presented by this appeal is whether
or not the board of county commissioners had the power
and authority to appoint a superintendent of the asylum
for the poor for a term of one year before the expiration
of a previous contract, said new contract to commence
in the future and at a time beyond their term of office.

It is conceded that under section 4536, Rev. Laws
1910, the board of county commissioners may employ a
good and responsible resident of the county to take charge
of the asylum for the poor, and that such employment

is to be made by the year. The board employed Stephen
Eads for one year on February 6, 1912, and that term
had not expired at the time he was re-employed on
December 2, 1912, for an additional year, commencing
March 1, 1913. If the board could employ a superin-
tendent for one year, a large portion of which term
continued into the term of their successors, and then, just
prior to the expiration of their term of office and before
the one year had elapsed, re-employ the superintendent
for an additional term to commence during the term of
their successors, then such board might employ a super-
intendent for any number of years, provided each employ-
ment was for one year only, commencing at the expira-
tion of the previous appointment, and thus the hands of
the succeeding board would be tied indefinitely.

In the case of *Alvah Shelden v. Board of Com'rs
et al.,* 48 Kan. 356, 29 Pac. 759, 16 L.' R. A. 257, the
court, in construing a similar statute to the one under
discussion, held that the board of county commissioners
had authority to designate an official newspaper, but such
designation could not continue for a longer period than
one year, or so as to bind or tie the hands of their suc-
cessors in office.

In the case of *Franklin County v. Ranck,* 9 Ohio Cir.
Ct. R. 301, it was held, in the absence of some necessity
or special circumstances showing that the public good
required it, a contract by a board of county commissioners
made just prior to the expiration of their term of office,
employing a janitor for the courthouse for a period of
time extending into the term of their successors in office,
and which had the effect of forestalling the action of such
successors for a year, is calculated to be prejudicial to

4—52

the public interests, and hence is against public policy and void.

It is said in the case of *Jay County v. Taylor,* 123 Ind. 148, 23 N. E. 752, 7 L. R. A. 160, that a board of county commissioners has not the power to employ an attorney for a period of three years, the term to commence in the future, after the retirement of one member of the board, as such contract is unreasonable, imposing, as it does, upon the three subsequent members an attorney not of their hiring.

Defendant in error relies upon *Michael Manley v. Hugh R. Scott,* 108 Minn. 142, 121 N. W. 628, 29 L. R. A. (N. S.) 652, wherein the court held that the board of county commissioners of Hennepin county was a continuing body, and such board had power to employ a morgue keeper for a period of one year on the last day of the year, regardless of the fact that two new members of the board would qualify and enter upon their duties soon after the first of the year. The facts in the foregoing case were that the term of office expired the day following the employment, and there evidently existed a necessity for the board to act; but in the case at bar the petition alleges that there was no necessity for the making of such employment, and that the best interest of Kingfisher county did not demand the employment at such time.

Different reasons are advanced in each of the foregoing cases as to why the appointment is held invalid, and this is true for the obvious reason that in each case a different statute was under consideration. The weight of authority, however, seems to be that where a statute provides for the appointment of an officer for a given

length of time, the board is authorized to make the appointment for the term so designated, regardless of the fact that a portion of the term of office continues into the term of the succeeding board. *Pickett Pub. Co. v. Carbon County Com'rs,* 36 Mont. 188, 92 Pac. 524, 13 L. R. A. (N. S.) 1115, 122 Am. St. Rep. 352, 12 Ann. Cas. 986. Applying this rule to the appointment of February 6, 1912, we find that the term extended into the succeeding term approximately 60 days, yet that appointment was valid.

In the instant case, we have a specific grant of power conferred upon the board to employ a superintendent of the asylum for the poor for a term of one year. Under such a statute, the board may, at any time during its term, when a prior contract of employment has expired or is about to expire, enter into a contract for one year, even though only a small portion of the term of employment is to be served under the board making the appointment. Under this rule, the appointment of February 6, 1912, was valid, and no complaint is made in this case as to the action of the board in that respect; but the complaint is made that the action of the board in reappointing Stephen Eads on December 2, 1912, as superintendent of the asylum for the poor, is invalid for the reason that the office was then filled by Stephen Eads, his term of office not having expired, that there was no necessity for the appointment at that time, and that the best interests of Kingfisher county did not demand the appointment at such time. Taking the facts alleged as true, it is apparent that the effect of the appointment of Stephen Eads on December 2, 1912, for a term to commence in the future and after the term of office of the board making the appointment, was to tie the hands of the succeeding board for a term

of one year, and, this being true, such appointment was prejudicial to the best interests of the public, and not authorized by law. *Franklin County v. Ranck, supra.*

The cause should be reversed and remanded, with the instruction to the trial court to overrule the demurrer.

By the Court: It is so ordered.